W. P. TAYLOR et al. v. THE ALBEMARLE STEAM NAVIGATION
COMPANY.

*Contract—Easement—License—The Code—Registration—Rati-
fication—Corporation—Evidence.*

1. A contract whereby one *grants* to a company the right for ten years
   to land and to receive all freights for a certain town amounts to
   more than a license.
2. Taking this to be a mere right-of-way, it falls within the statute
   allowing registration (*The Code*, § 1264), in that it purports to
   convey an "interest in or concerning land."
3. Evidence that one is *acting* as president of a company is competent
   to show he *was* president.
4. A contract signed by an authorized agent may be ratified by the
   company, and for this purpose its acts are sufficient.
5. As there was nothing in the contract to forbid *plaintiff* having
   another wharf, evidence of this was inadmissible.
6. The question of rejecting a letter offered in evidence is not reviewable
   in this Court unless the contents of the letter are sent up with the
   record.

This was a CIVIL ACTION, tried at Fall Term, 1889, of
HERTFORD Superior Court, before *Brown, J.*

The defendant company, through its treasurer, John T.
Hill, on April 13th, 1875, entered into a contract with W. P.
Taylor and A. J. Northcott, the material parts of which are
hereinafter set out. The same was also afterwards ratified
by the company. Plaintiff afterwards became the assignee
of Northcott's interest. In 1884, defendant caused a new
wharf (Anderson's) to be erected about three hundred yards
below the one described in the contract, and offered induce-
ments for shipments from it, and caused their steamers to
stop there, by which plaintiff claimed that the contract was
broken.

The plaintiff covenanted and agreed, for himself, his
executors, administrators and assigns, "for and in considera-

tion of two hundred dollars per annum, to give to the party of the second part the right to land all freight for Winton on the wharf now belonging to the parties of the first part, and known as the "Northcott" wharf, situated on the Chowan River at Winton, North Carolina, and the exclusive right to receive any freight which the party of the second part may be willing to carry for a term of years hereinafter specified; and the party of the second part covenant and agree to cause all boats owned and run by the aforesaid company on the Chowan River to land and receive all freights to be landed or received at Winton at the aforesaid wharf," &c.

In consideration of the above contract, J. T. Hill, treasurer, covenanted and agreed, under seal, for himself and his company, to cause the company's boats to land at this wharf, and that the agreement should remain in force for ten years from April 1st, 1875. This contract was duly registered in the office of Register of Deeds for Hertford County.

Defendant objected to the introduction of the registration book to prove the contract. The objection was overruled. Defendant excepted.

The jury found that plaintiff did and the defendant did not comply with the terms of the contract, and fixed plaintiff's damages at $666.25

The Court gave judgment accordingly, and defendant appealed.

Defendant asked the Court to charge, in substance—

1. Agent cannot bind his principal by contract under seal, unless the principal gave him authority under seal.

2. Agent's authority and acts cannot be proved by his own declarations.

3. Where agent's company is a corporation, his authorized acts cannot, or will not, be binding until ratified by a board of directors, upon full disclosure of all the facts and circumstances.

4. The burden is upon plaintiff to show that the contract has been ratified and he has performed his part.

5. If plaintiff erected and leased an opposition warehouse, where defendant lost freight, he is not entitled to recover.

6. If defendant landed and shipped all freights actually received and offered at plaintiff's wharf, he cannot complain.

7. Contract only applied to the freights shipped to and from the town of Winton.

8. Defendant did not violate contract by shipping to and from Anderson wharf.

9. The plaintiff is not entitled to recover on the evidence in the case, if you believe it all.

10. That if the plaintiff, by his acts and conduct, prevents the defendant company from receiving at said wharf any freight which it was willing to carry there, the plaintiff has violated his said contract, and cannot recover.

Defendant objected to the introduction of evidence showing that J. T. Hill, treasurer, was also acting as superintendent of the company.

Objection overruled. Defendant excepted.

Defendant offered to prove that, after date of contract, plaintiff built and leased another wharf to a rival line of steamboats.

Defendant objected. Objection overruled. Defendant excepted.

Defendant offered in evidence a letter signed by plaintiff, which was rejected by the Court. Defendant's exception was overruled.

The Court charged the jury, in substance, as follows:

Upon the first issue, this contract, so far as the evidence discloses, was not executed by the defendant at date thereof, there being no evidence that Hill, as treasurer, was authorized to sign and execute it. Its validity depends upon its

ratification and acceptance by defendant. If the defendant accepted it, acted under it, and performed its terms, up to November 1, 1884, with full knowledge of its import, then it is a ratification, and the jury should answer the first issue Yes.

As to second issue, this contract requires defendant to cause all its boats on the Chowan to land and receive all freights for the town of Winton at plaintiff's wharf, in order that plaintiff might get the benefit of the agreement and receive wharfage.

There is nothing in the contract which prohibits the defendant from landing its vessels at a wharf outside the town of Winton, and nothing which would prevent defendant from landing or receiving such freights as were tendered at such wharf by the voluntary act of the shipper; and if defendant, fairly and in good faith, did no more than this, that would not be a violation of its ageement, and you should answer the second issue Yes.

But if defendant, while undertaking to perform its agreement with plaintiff, by stopping its vessels at plaintiff's wharf, had the Anderson wharf built, and solicited and procured the merchants and shippers of Winton to deliver freights there instead of, as before, at plaintiff's wharf, and if its purpose in establishing the Anderson wharf was solely to draw freight from plaintiff's wharf, as testified to by Superintendent Bogart, and thus, by defendant's efforts, such freights and business were withdrawn from plaintiff's wharf before the expiration of the agreement, by the instigation of the defendant's agent, it would be a violation of the agreement, and the defendant would not have performed its contract, and you should answer the second issue No.

*Mr. W. D. Pruden*, for plaintiff.
*Messrs. Winborne & Bro.* (by brief), for defendant.

SHEPHERD, J.: 1. The defendant objected to the intro-
duction of the registry of the paper-writing, because it was
not such an instrument as is required and allowed to be
registered. It is contended that, at most, it was but "a
license or easement to deposit and receive freights on the
wharf" of the plaintiff.

We are of the opinion that the writing is within *The Code*,
§ 1264, in that it purports to convey an "interest in or con-
cerning land." It amounts to more than a mere license, for
it *grants* to the defendant a right to land all freights for
Winton on the plaintiffs' wharf for the period of ten years,
and confers an exclusive right to receive any freight on said
wharf which the defendant may be willing to transport.
Taking this to be the grant of a mere right-of-way, it falls
within the words of the statute, for a right-of-way is an incor-
poreal hereditament, "which is a right issuing out of a thing
corporate (whether real or personal), or *concerning*, or annexed
to, or exercisable within the same." 2 Blackstone, 21.

2. The objection to the testimony of W. P. Taylor that J.
T. Hill, who executed the writing, was at that time acting
as the superintendent of the defendant company, is without
merit.

It was competent to show this fact, and, even if it were
not admissible, the defendant could not have been preju-
diced, as his Honor expressly told the jury that there was
no testimony tending to show that Hill was authorized to
execute the writing, and that its validity depended upon its
ratification by the defendant.

3. The defendant offered to prove that the plaintiff built
and leased another wharf to an opposition line.

This was very properly rejected, as there is nothing in the
contract which prevented the plaintiff from so doing. We
will add that the instructions of the Court upon this alleged
breach of contract on the part of the plaintiff were fully as
liberal as the defendant was entitled to.

4. The defendant offered in evidence a letter signed by one of the plaintiffs. It was rejected by the Court, and the defendant excepted. No such letter appears in the record, and as it was the duty of the appellant to have had it brought up, and, we are ignorant of its contents, the exception must be overruled.

5. The first, second, third and fourth prayers for instruction were substantially given by the Court. It was not necessary to show a formal ratification of the contract by the Board of Directors. It was sufficient, as the Court charged, if the defendant "accepted it, acted under it, and performed its terms * * * with full knowledge of its 'import." This instruction was clearly sustained by the testimony of J. H. Bogart, the superintendent of the defendant, who stated that the defendant "had used the plaintiff's wharf since the date of the agreement, and acted under it."

6. The sixth, seventh, eighth and ninth prayers for instruction are founded upon an erroneous construction of the contract. The defendant agreed that it would land all of its boats touching at Winton at the plaintiff's wharf, in consideration of the exclusive privileges granted, and the plaintiff was to receive a certain rate of wharfage on all of the freight landed and received for shipment. It is very clear, that if the defendant erected another wharf near the town of Winton, for the sole purpose of "drawing freight from the plaintiff's wharf, as testified to by Superintendent Bogart, and thus, by defendant's efforts, such freights and business were withdrawn from the plaintiff's wharf before the expiration of the agreement, by the instigation of the defendant's agents, it would be a violation of the agreement." Such was the charge of the Court upon this question, and we think that it was a correct interpretation of the contract. Upon a perusal of the whole charge, we are unable to discover any error of which the defendant can justly complain.

7. The third assignment of error in the charge is too general, and cannot be considered by this Court.  *McKinnon* v. *Morrison*, 104 N. C.

Affirmed.