## FOX v. DUFFY.

(Supreme Court, Appellate Division, Second Department.   June 3, 1904.)

1. FRAUD—FALSE REPRESENTATION—ACTION FOR DECEIT.

Where a false statement was knowingly made to the owner of mortgaged real estate that the mortgagee would foreclose the mortgage and the owner would lose all her interest in the premises, which statement was made for the purpose of inducing the owner to sell the property for less than its value, and the owner, believing the statement to be true, did convey the property to the maker of the statement for less than its value, there was an actionable fraud, though the statement was relied on without investigation or verification.

Appeal from Special Term, Kings County.

Action by Margaret Fox against John M. Duffy. From an interlocutory judgment overruling demurrer to complaint, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Jacob Brenner, for appellant.
Charles K. Terry, for respondent.

JENKS, J. The demurrer establishes that the facts are as follows: The plaintiff owned premises worth $3,000. The defendant, to deceive and defraud her, falsely represented to her that, if she did not sell the premises to him, "one John Scully, who was then the holder and owner of a certain mortgage on the said premises, would foreclose the same, and that this plaintiff would lose all her interest in the premises, and get nothing for it." The defendant made these representations to induce the plaintiff to sell the premises to him, and the plaintiff, believing them and induced by them, conveyed the premises to the defendant. The statements were false, and the defendant knew them to be so when he made them. The plaintiff tendered the consideration paid by the defendant, $300, but the defendant retains his possession.

The ground of the demurrer is that the complaint does not set forth facts sufficient to constitute a cause of action, and the argument is that false representations, to be actionable, must be of facts as distinguished from mere expressions of opinion, and that fraud cannot be assigned as to representations concerning the future. I think that the allegation that if the plaintiff did not sell to the defendant the mortgagee would foreclose is not to be construed as a representation of opinion, or as concerning a future event. The defendant did not say that in his opinion the mortgagee would foreclose, or that the mortgagee intended to foreclose, thereby conveying the idea that it was merely the present disposition of the mortgagee; but he asserted as a fact that the mortgagee had determined to foreclose. It was a positive statement of the mortgagee's decision, and none the less a fact because it was a mental determination, or, as such, possible of change. The foreclosure was a future act, but the determina-

¶ 1. See Fraud, vol. 23, Cent. Dig. § 19.

tion to foreclose was a present fact, of which the foreclosure proceedings were but the outcome.

Pomeroy, in his Equity Jurisprudence (2d Ed.) § 877, writes:

"A statement of intention merely cannot be a misrepresentation amounting to fraud, since such a statement is not the affirmation of any external fact, but is, at most, only an assertion that a present mental condition or opinion exists. That the fact, however, concerning which the statement is made is future, does not of itself prevent the misrepresentation from being fraudulent. The statement of matter in the future, if affirmed as a fact, may amount to a fraudulent misrepresentation, as well as a statement of a fact as existing at present."

Kerr, on Fraud and Mistake, lays down the rule:

"But if the representation as to a matter of intention amounts in effect to a matter of fact, relief may be had in equity."

Bigelow, in his work on Fraud, writes:

"A statement of something in the future is in the nature of things uncertain; but if precise and definite, it may imply a present fact, and mislead accordingly."

Bispham, in his Principles of Equity, writes (section 211):

"Or if a representation amounts to a statement of fact, although dependent upon future action, in either case there is ground for equitable relief."

See, too, Williams v. Kerr, 152 Pa. 560, 25 Atl. 618; Sutton v. Morgan, 158 Pa. 204, 27 Atl. 894, 38 Am. St. Rep. 841; French v. Ryan, 104 Mich. 625, 62 N. W. 1016.

Moreover, in Hickey v. Morrell, 102 N. Y. 454, 463, 7 N. E. 321, 55 Am. Rep. 824, the court say:

"The learned counsel for the respondent has stated in the broadest and most unqualified terms, as a proposition not to be disputed, 'that no man is liable for the expression of his opinion or judgment.' 'But this is true only when the opinion stands by itself and is intended to be taken as distinct from anything else, and where the proposition is found in the books it is so restricted. Thus it is said: 'Matters of opinion, stated merely as such, will not in general form the ground to a legal charge of fraud'—Leake on Contracts, 355, giving many instances, and also exceptions to the rule. Statements of value have been held insufficient to sustain an action where, as is said, they were 'mere matters of opinion' (Simar v. Canaday, 53 N. Y. 298, 306 [13 Am. Rep. 523]). but at the same time it is shown that under certain circumstances they are to be regarded as affirmations of fact, and then, if false, an action can be maintained upon them."

In Kley v. Healy, 149 N. Y. 346, 352, 44 N. E. 150, 152, the court say:

"The representation of what one expects or hopes as about to take place, in order to induce action on the part of the person to whom made, may be honest or may be fraudulent. If the former, then no action will lie upon the ground of fraud if the expectation is not realized. If the representation is made fraudulently and with the intention to deceive, then the evidence must exhibit it in that character. For the presumption will be, in the absence of such evidence, that the person making the representation did so honestly, however extravagant in his hopes."

On the proposition that fraud cannot be predicated on representations concerning the future, we are cited to three cases. In Gray v. Palmer, 2 Rob. 500, affirmed 41 N. Y. 620, the defendant represented that he would not take the proceeds of the draft to California, but would return the proceeds, and would advise the plaintiff; and the

court justly said that they were but promises for future conduct, not representations of existing facts. In Ranney v. People, 22 N. Y. 413, the false representation was the promise to employ, and to pay the plaintiff as an inducement for the deposit of security. In People v. Blanchard, 90 N. Y. 314, Finch, J., says, in conclusion, that the vendor was cheated, not by a false pretense, but by a broken and fraudulent promise.

It cannot be held that the plaintiff has not stated a cause of action, because as a matter of law she cannot recover because she relied upon the statements and neither investigated nor verified them. Mead v. Bunn, 32 N. Y. 275, 280.

The interlocutory judgment overruling the demurrer should be affirmed, with costs. All concur.