## ISMAN v. LORING.

(Supreme Court, Appellate Division, First Department.   March 19, 1909.)

1. LIMITATION OF ACTIONS (§ 100*)—ACTION FOR DECEIT—ACCRUAL.

Where a contract has been induced by fraud, an action for damages accrues immediately, and limitations begin to run as against any recovery immediately on the contract's execution or discovery of the fraud.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 484; Dec. Dig. § 100.*]

2. FRAUD (§ 59*)—DAMAGES—NOMINAL DAMAGES.

Where a contract has been induced by fraud, the person defrauded is entitled to at least nominal damages.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 64; Dec. Dig. § 59.*]

3. DAMAGES (§ 157*)—PLEADING—ISSUES AND PROOF.

In an action for fraud, plaintiff, on a general allegation of damages, is entitled to recover, in addition to nominal damages, the damages which naturally and necessarily result.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 431; Dec. Dig. § 157.*]

4. DAMAGES (§ 142*)—PLEADING.

To entitle plaintiff to recover the damages which naturally, but not necessarily, result, they must be specifically alleged.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 413; Dec. Dig. § 142.*]

5. FRAUD (§ 41*)—COMPLAINT—SUFFICIENCY.

A complaint alleging the execution of a contract, that it was induced by fraud, and that in consequence thereof plaintiff sustained damages, states a cause of action good as against a demurrer.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 37; Dec. Dig. § 41.*]

6. FRAUD (§ 22*) — STATEMENTS OF FACT — DUTY TO INVESTIGATE — RELATIVE MEANS OF KNOWLEDGE.

A representation by a vendor that he had been offered $70,000 for the property, when in fact the offer was $55,000, whereby vendee was induced to pay $75,000, was a statement of a fact peculiarly within the vendor's knowledge, on which the vendee was entitled to rely.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 20; Dec. Dig. § 22.*]

Appeal from Special Term, New York County.

Action by Felix Isman against Isabella Loring. From a judgment overruling a demurrer to the complaint, the latter appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and SCOTT, JJ.

James M. Gifford, for appellant.
Maurice B. Blumenthal, for respondent.

INGRAHAM, J.   The complaint in this action was demurred to on the ground that it did not state facts sufficient to constitute a cause of action.   The complaint alleges that prior to January 6, 1906, the parties to this action entered into negotiations for the sale of certain real property by the defendant to the plaintiff, and that such negotiations resulted in the execution and delivery of a contract in writing on Janu-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ary 6, 1906, a copy of which is annexed to the complaint; that as part of said negotiations the defendant represented to the plaintiff that she had received a bona fide, legitimate, and fixed bid or offer to purchase said premises from a railroad corporation, and that the said corporation was then ready and willing to purchase said premises; that it was then agreed between the parties that the plaintiff would purchase said premises and pay the defendant therefor $5,000 in excess of the bid or offer made to the defendant by the said railroad company; that thereafter the defendant represented to the plaintiff that the said railroad company had made, and that there was then in fact pending, an actual, bona fide, legitimate, and fixed offer or bid to purchase said premises for the said company from the defendant for the sum of $70,000, and that the said railroad company was then ready and willing to purchase said premises at said price; that the plaintiff, relying wholly and solely upon such representations of the defendant, entered into a contract with the defendant to purchase the premises for the sum of $75,000; that subsequently the contract was fully performed, the defendant conveyed the premises to the plaintiff, and the plaintiff paid the defendant the said sum of $75,000; that the representations made by the defendant were false and untrue, in that the bid or offer made by the railroad company was in fact the sum of $55,000, and not the sum of $70,000; that these representations were known by the defendant to be false and untrue, and were made for the purpose of cheating and defrauding the plaintiff and inducing him to enter into the said contract; and that by reason of the premises the plaintiff has been damaged in the sum of $15,000, for which sum judgment is demanded. The action is therefore to recover damages sustained by the plaintiff caused by the defendant's fraud.

There can be no question but that, to sustain such a cause of action, the plaintiff must allege the fraud and resulting damage; but, when fraud and damage are both alleged, there is a cause of action. As was said in Taylor v. Guest, 58 N. Y. 262:

"This false representation, made fraudulently and with an intent to deceive, made the defendant liable in an action for deceit, if, believing it to be true and relying upon it, the plaintiff parted with the bonds for the price agreed upon, and when, except for false representation, he would not have sold them and might have realized a large price. Fraud without damage, or damage without fraud, will not sustain the action for deceit; * * * and a false and fraudulent representation, made by one party to induce a contract entered into by the other, is not actionable, unless the party to whom it was made believed the representation to be true and acted upon the faith of it, to his damage."

The complaint alleges the false representations, that they were made with intent to deceive, that the plaintiff relied thereon, and that by reason of the premises the plaintiff has been damaged in the sum of $15,000. The defendant, however, claims that, to maintain the action, the plaintiff must allege the special facts from which damage can be inferred, or, in other words, in an action for deceit must allege special damage. It is clearly settled in this state that where there has been fraud in procuring a contract the injured party has at once upon the execution of the contract an action for the fraud, and that that action is barred by the statute of limitations six years after the actual execu-

tion of the contract or the discovery of the fraud. Thus, in Northrop v. Hill, 57 N. Y. 351, 15 Am. Rep. 501, it was held that:

"When a party to a contract is guilty of fraud, he commits a wrong for which he is liable to the defrauded party to pay at least nominal damages. The act of entering into contract relations implies that the parties are to deal in good faith with each other. * * * If he proves no special damage, he should at least recover nominal damages for the breach of the implied promise to act in good faith."

And the court cites from Allaire v. Whitney, 1 Hill (N. Y.) 484, where it is said:

"But actual damage is not necessary to an action. A violation of right, with a possibility of damage, forms the ground of the action. * * * Once establish, therefore, that in all matters of pecuniary dealings, in all matters of contract, a man has a legal right to demand that his neighbor shall be honest, and the consequence follows, viz., if he be drawn into a contract by fraud, this is an injury actionable per se. * * * Fraud in a contract can hardly be conceived, without being attended with damage in fact."

And it was held that, as the plaintiff had a complete cause of action on the day when the purchase was completed, any damage that subsequently followed was merely developed from the original wrong then committed, and was not a new cause of action. And this same principle was recognized in Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123. Thus the fraud gives a cause of action for the damages which necessarily result from the wrong, and these may be recovered without an averment of special damage.

Such damages, however, as are the natural, but not the necessary, result of the injury, are special, and must be alleged. Vanderslice v. Newton, 4 N. Y. 130. In Jutte v. Hughes, 67 N. Y. 267, where the action was for a nuisance, the Court of Appeals held that the trial justice was wrong, under the allegation of general damage, in excluding proof of the rental value for the purpose of showing the damage done, and the further proof that the plaintiff had lost tenants on account of the nuisance. In that case the court said:

"It is said, however, that the evidence was improper, because special damages should have been alleged, in order to be proved, and that the complaint should have stated the names of the tenants, the apartments, and specific amounts of rent alleged to have been lost, so as to enable the defendant to meet the proof which might establish such an allegation. This doctrine might well apply in actions of slander, which require that special damages should be specifically alleged. Where, however, the damages necessarily result and naturally flow from the injury complained of, they may be recovered, without any special averment."

In Argotsinger v. Vines, 82 N. Y. 308, which was an action of trespass, it was held that such damages as would necessarily and naturally result or be incurred from the injury complained of could be proved under an allegation of general damage, and that it is not necessary that the damages should be specifically averred in order to authorize a recovery.

We thus have it established that an action for damages accrues immediately upon the execution of a contract which has been induced by fraud, and that the statute of limitations begins to run as against any recovery for the fraud immediately upon its execution or the dis-

covery of the fraud; that upon such a cause of action a plaintiff is entitled to at least nominal damages, and on a general allegation of damage is, in addition, entitled to recover the damages which naturally and necessarily resulted from the fraud; but that to entitle the plaintiff to recover the damages which naturally, but not necessarily, resulted from the fraud, such damage must be alleged. Applying these principles, it would seem to necessarily follow that a complaint alleging the execution of a contract, that it was induced by fraud, and that in consequence thereof the plaintiff sustained damage, states a cause of action which is good as against a demurrer.

It is not necessary to discuss the damages to which the plaintiff would be entitled upon the trial of this action. The amount of damage would necessarily depend upon the facts as there disclosed. We have no doubt that the false representation that a railroad company had offered to purchase the property for $70,000, when in fact the only offer made by the railroad company was $55,000, was actionable. It was not a statement as to the value of property, but was the statement of a fact, namely, the offer made by the railroad company, which was peculiarly within the defendant's knowledge. It does not at all follow that inquiry of the railroad company would have disclosed the true fact, as the railroad company was not bound to state to any one inquiring the amount of any offer it had made for the property or the fact that it desired to purchase the property. The plaintiff was entitled to rely upon the express representation made by the defendant as to the offer that he had received from the railroad company, and the defendant was responsible for the direct damages sustained by reason of such false and fraudulent representation. The case is thus brought directly within the rule as stated in Schumaker v. Mather, 133 N. Y. 590, 30 N. E. 755:

"That the representations of a vendor as to extrinsic facts affecting the quality or value of the subject of the transaction of sale, and which are peculiarly within his knowledge, may be relied upon by the purchaser."

See, also, Mead v. Bunn, 32 N. Y. 275; Fox v. Duffy, 95 App. Div. 202, 88 N. Y. Supp. 401; Hadcock v. Osmer, 153 N. Y. 604, 47 N. E. 923.

The judgment appealed from is therefore affirmed, with costs, with leave to the defendant to withdraw the demurrer and answer within 20 days, upon payment of costs in this court and in the court below.

McLAUGHLIN, LAUGHLIN, and SCOTT, JJ., concur.

PATTERSON, P. J. In an action for deceit the plaintiff seeks to recover damages for false representations which he alleges were made to him by the defendant, and by means of which he was induced to enter into a contract, subsequently performed, for the purchase of certain real estate in the city of New York. The contract was in writing. The alleged false representations constitute the inducement for plaintiff entering into the contract. It is not claimed that an action for fraud will not lie, or that all anterior negotiations were merged in the contract. The right to maintain such an action

is fully recognized by the authorities. Thomas v. Beebe, 25 N. Y. 246; Johnson v. Miln, 14 Wend. 195. It is insisted, however, by the defendant, that the complaint is defective, in that it does not state facts sufficient to constitute a cause of action for deceit. The question arises upon demurrer to the complaint for insufficiency. The court at Special Term overruled the demurrer, and the defendant appealed to this court.

The precise ground of the demurrer is that there is no allegation in the complaint of damage, and the general and undoubted proposition is urged that damage is a necessary element of the action for deceit, and must be pleaded. On analyzing this pleading, I think there is a sufficient allegation of that character. Briefly, the facts set forth are the following: Negotiations were entered into between the parties for the purchase by the plaintiff from the defendant of the real estate referred to. As part of the negotiations, the plaintiff agreed with the defendant that he (the plaintiff) would purchase the premises and pay the defendant the sum of $5,000 in excess of any bid or offer made to the defendant by the New York & New Jersey Railroad Company for the same premises. Subsequently the defendant represented to the plaintiff that the railroad company had made, and that there was then in fact pending, an actual, bona fide, legitimate, fixed offer or bid to purchase the premises for the said railroad company from the defendant for the sum of $70,000, and that the New York & New Jersey Railroad Company was ready and willing to purchase said premises at that price. The plaintiff, relying solely and wholly upon the representations of the defendant that the railroad company had made such legitimate and fixed offer, and was then ready and willing to pay for the same the sum of $70,000, and believing such representations to be true, entered into a formal contract of sale with the defendant to purchase the property at the price of $75,000. It is then alleged that the representation made by the defendant was false; that the New York & New Jersey Railroad Company had not offered to purchase the premises for $70,000, but had offered only $55,000; that the representations were known by the defendant to be false, and were made for the purpose of cheating and defrauding the plaintiff, and inducing him to enter into the contract to purchase the premises, paying therefor the price fixed by the contract, to wit, $75,000 (being $15,000 in excess of the alleged bid or offer of the said company), instead of $60,000, the sum actually bid or offered by said company plus $5,000. The allegation is then made that by reason of the premises the plaintiff has been damaged in the sum of $15,000, and judgment is demanded for that amount.

The complaint, therefore, contains all the elements necessary to the constitution of an action for deceit, including an allegation of damage. It is evident that the damage claimed by the plaintiff is the difference between $55,000 and $70,000; he having, as he alleges, paid the $15,000 by reason of the false representations. The effect of the allegations of the complaint is that the basis of the transaction between the parties in respect of purchase price was the amount offered by the railroad company for the premises, and that the agreement in reality

was that the premises should be sold by the defendant to the plaintiff for $5,000 in excess of a bid made for it by the railroad company. It cannot be said, therefore, that the complaint is defective in not alleging damage. The complaint avers a legal wrong and a resulting pecuniary injury, and it is not material that the plaintiff did not demand the precise damages to which he was entitled, or that he mistook the rule of damages in his complaint. Colrick v. Swinburne, 105 N. Y. 503, 12 N. E. 427.

It has been suggested, but not by counsel, that the complaint is insufficient, in that it does not state that the defendant agreed that he would sell the premises upon the basis alleged in the complaint, and that, therefore, that pleading merely shows that the plaintiff stipulated that he would do a certain thing; but the allegation in the fifth clause of the complaint is that the plaintiff agreed with the defendant, and that is tantamount to an allegation that there was a mutual agreement. It is obvious, from the whole structure of the complaint, that it was intended to allege that the defendant was bound by the agreement. That is to be implied from other facts which are stated, and the complaint is not defective in substance for omitting to state a conclusion which may be so implied. Case v. Carroll, 35 N. Y. 391. A demurrer admits, not only the facts alleged in the complaint, but also all facts that can be implied from the other allegations by reasonable and fair intendment. Marie v. Garrison, 83 N. Y. 14; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Wallace v. Jones, 182 N. Y. 37, 74 N. E. 576. It sufficiently appears by necessary inference from this complaint that the defendant agreed to sell the property upon the basis stated in the complaint, viz., $5,000 over and above an amount actually offered by the railroad company.

The judgment overruling the demurrer should be affirmed.