T. M. STARNES v. RALEIGH, CHARLOTTE AND SOUTHERN RAILWAY COMPANY.

(Filed 1 December, 1915.)

**1. Principal and Agent—Railroads—Right of Way—Agency—Ratification.**

When a railroad company accepts a deed from the owner of land for a right of way across it, procured by one who had assumed to act without its authority, its acceptance of the benefits thereof amounts to a ratification of the agency of the one so acting, to the same extent as if the act had theretofore been directly authorized, and it is held responsible for the representations made in its behalf in procuring the conveyance.

**2. Principal and Agent—Evidence—Declarations—Res Gestæ.**

The relevant declarations of one acting for a railroad company in procuring a right of way for the company from the owner of lands are competent evidence as a part of the *res gestæ* in the owner's suit to set aside the conveyance for fraud in its procurement.

**3. Fraud—Deeds and Conveyances—Railroads—Right of Way—Trials—Evidence—Questions for Jury.**

A false affirmation made by a person to defraud another, whereby that other person receives damages, is the ground of an action in the nature of deceit; and where there is evidence that a railroad company has procured a right of way from the owner of the land, an ignorant and illiterate person, through the statement of its agent, a neighbor of the owner, that the railroad could take his land for the purpose and forbid his crossing from one part of his farm to the other, and it was then agreed that the company would locate the right of way over a certain place, which it did not do, but did so over a richer and cultivated portion, under an agreement in the writing giving the company full choice of location; and further evidence that these representations were knowingly false to the agent: *Held*, sufficient for the determination of the jury upon the question of fraud in the procurement of the deed, and to set the deed aside on that ground.

**4. Railroads—Deeds and Conveyances—Rights of Way—Fraud—Damages.**

Where the owner of land brings suit against a railroad company to set aside a deed to a right of way for fraud, and the right of way has been located at a different place from the one contemplated, for which no compensation was to have been made, it is incompetent to show, upon the issue of damages, that the lands taken were not worth more than those contemplated; for the fraud, when sufficient and established, sets aside the conveyance in its entirety, and permits the owner to be compensated for the right of way actually taken by the defendant.

APPEAL by defendant from *Lane, J.,* at March Term, 1915, of MECK-LENBURG.

Civil action tried upon these issues:

1. Is the plaintiff the owner of the lands described in the complaint? Answer: Yes.

2. Did the defendant enter upon the lands of the plaintiff and lay off and appropriate to its use as a right of way for railroad purposes a strip of land one hundred feet in width, extending in the rear of the plaintiff's house and barn through the said lands a distance of about one-half mile? Answer: Yes.

3. Did the plaintiff execute the paper-writing set forth in paragraph three of the defendant's answer, and recorded in book 305, page 139? Answer: Yes.

4. Was the execution of the said paper-writing procured by fraud and misrepresentation, as alleged in the plaintiff's replication? Answer: Yes.

5. What compensation, if any, is the plaintiff entitled to recover of the defendant for entering upon said lands and appropriating the said right of way for railway purposes? Answer: $825.

From the judgment rendered defendant appealed.

*J. D. McCall, Newell & Newell for plaintiff.*
*Tillett & Guthrie for defendant.*

BROWN, J. The plaintiff seeks to recover permanent damages for the appropriation of a right of way through his farm by defendant. The right of way is immediately in the rear of plaintiff's residence and within twenty-five steps of his barn, and runs the entire length of the farm one hundred feet in width. The excavation is sixteen and a half feet deep and thirty-six feet wide.

The evidence shows that the land actually appropriated by the defendant was between six and seven acres. The excavation cut the plaintiff off from the main part of his plantation, and was cut through a twenty-acre field of his finest farming land. Incidental to taking the right of way, the defendant destroyed $200 worth of cotton.

The defendant claims immunity from liability for this damage by virtue of a deed executed by defendant 3 June, 1912, granting to the defendant a right of way in fee simple across his lands as said railroad may be finally located, which strip of land shall be one hundred feet in width—that is to say, fifty feet on each side of the center of the main line of the track.

It is alleged by plaintiff that the deed granting this "blanket right of way" was executed at the instance and by reason of the false and fraudulent representation of one Thomas W. Allen. The defendant denies such allegation and relies upon these defenses:

1. That Allen was not its agent and that it is not bound by his representations.

2. That there is no sufficient evidence of fraud.

There is no evidence that Allen was the duly appointed agent of defendant to procure the right of way. It appears that in order to procure the construction of a much needed railroad, Allen volunteered to procure rights of way for defendant. Nevertheless, the defendant is bound by all that Allen did and said in order to procure the execution of this deed, which is made directly to defendant and not to Allen. The defendant does not claim to be a purchaser for value without notice,

for it paid nothing for the right conferred. When it accepted the deed for the right of way procured by Allen, it accepted it *cum onere.* It could not hold on to the gift and at the same time repudiate all responsibility for the manner in which it had been obtained.

Whether duly appointed for that purpose or not, there is evidence that defendant knew that Allen was procuring rights of way in that neighborhood to facilitate the construction of its road, for which the defendant paid nothing. The defendant ratified Allen's acts, and is consequently responsible for them.

The relation of principal and agent may be created by ratification with the same force and effect as if the relation had been created by appointment, as where one person adopts and takes the benefit of an act done without his authority or in excess of it. 1 Mechem, sec. 435; *Porter v. R. R.,* 132 N. C., 71; *Trollinger v. Fleer,* 157 N. C., 81; *Taylor v. Nav. Co.,* 105 N. C., 484.

It is contended that there is no sufficient evidence of fraud and that the court should have so charged, as requested. In this connection it is insisted the court should have excluded the declarations of Allen testified to by plaintiff. They were plainly competent as part of the *res gestæ,* having been made immediately preceding and at the time of the execution of the deed and being the cause of its execution. These declarations are the basis of plaintiff's cause of action. He must first prove these representations before he can establish their false and fraudulent character.

The plaintiff testified that at the time he executed the deed for the blanket right of way this conversation took place between him and Allen, and in consequence of which Allen said he signed the paper, viz.:

"This paper was presented to me by Mr. Thomas Allen. He is a neighbor and lives right below me, about two miles away. He presented the paper to me. It was not drawn in my presence. I did not read this paper-writing. Mr. Allen read some of it. I can't read to do no good."

The plaintiff further testified: "Well, he said that the railroad could go through my land in spite of me. They could condemn it, and if they did, they would not allow me to cross it nor anything, and I told him then, I says, 'Mr. Allen, I tell you what I will do. I will sign the right of way to go by the rock road between my house and the big road.' And he said, 'If you do that I will see that the road is put there.'"

Q. Why did you sign this paper giving him a right of way over your land at all?. A. I done it because I was afraid they would just ruin me.

There is further evidence which warrants the inference that Allen knew at the time that the railroad would not be located by the rock road, that he knew he had no control of its location, and that he used such fraudulent device to induce plaintiff to execute the deed.

As soon as Allen secured plaintiff's signature to the right of way paper, he went to Robert Beaver's place, who lived four hundred yards southwest of plaintiff on the same road. In answer to the question as to what Allen said to him, Beaver replied: "Well, he (Allen) came up to Mr. Starnes' that morning, and to Mr. Ritch's, and got them to sign it; and from there he came on to my house to get me to sign it; and I said to him, 'Did Mr. Ritch and Mr. Starnes sign?' And he says, 'Mr. Ritch didn't; but Mr. Starnes did. I had to tell him a chunk of a lie to get him to do it.'"

It is not incumbent upon us to pass on the competency of this evidence, which was admitted by the court, as no such assignment of error is set out or commented on in appellant's brief, and it is well settled that we will not consider others, although exception may have been taken at the trial. The representations in this case were not of a harmless promissory kind, but, if the evidence is to be believed, were representations of a most material character, and if knowingly false, were made with the deliberate purpose to deceive. At least the jury seems to have been so impressed by the evidence.

It is well settled that a false affirmation, made by a person with intent to defraud another, whereby that other receives damage, is the ground of an action in the nature of deceit. *Pasley v. Freeman,* 2 Smith L. C., 1300.

*Chancellor Kent* said in *Upton v. Vail,* 6 Johns, 181: "The case went not upon any new ground, but upon the application of a principle of natural justice long recognized in the law—that fraud or deceit, accompanied with damage, is a good cause of action. This is as just and permanent a principle as any in our whole jurisprudence." *March v. Wilson,* 44 N. C., 144; *Leonard v. Power Co.,* 155 N. C., 10; *Griffin v. Lumber Co.,* 140 N. C., 514.

In respect to the issue of damages, the defendant contends substantially that the court should have permitted it to prove that the land in front of the house by the rock road which the plaintiff offered to give was worth as much as the land which the defendant took on the rear of the house, and that the damages should be abated to the extent of the value of the other piece of land by the rock road. This position cannot be maintained. When the deed to the defendant is set aside upon the ground of fraud, it is as void as if it had never existed, and the defendant cannot claim any rights under it. *Wilson v. Lewis, ante,* 47.

It does not follow that because the plaintiff was willing to give land located upon one part of his place that the defendant acquired the right to seize a right of way on another part of his plantation. When the defendant entered upon the land of the plaintiff and took possession of it it did so under its power of eminent domain, and cannot justify

15—170

under a deed which has been declared void on the ground of fraud. It thereby became liable to. the plaintiff for actual value of the land taken, together with the crops destroyed, and in so charging the jury the judge committed no error.

Upon a review of the entire record we find

No error.