R. N. COFIELD, JR., AND WIFE, ELSIE A. COFIELD; W. G. COFIELD AND WIFE, BLANCHE T. COFIELD; AND DOROTHY C. QUILLIAN AND HUSBAND, DOUGLASS C. QUILLIAN, v. J. W. GRIFFIN AND WIFE, NORA W. GRIFFIN.

(Filed 14 October, 1953.)

**1. Fraud § 1—**

Fraud is a material representation relating to a past or existing fact, which is false, made with knowledge of its falsity or in reckless disregard of the truth, with intention that the other party should act thereon, and which is reasonably relied and acted upon by the other party to his damage.

---

COFIELD v. GRIFFIN.

---

**2. Same—**

A false representation is material when it deceives a person and induces him to act.

**3. Cancellation and Rescission of Instruments § 12—**

Evidence tending to show that the male defendant went to parties owning an undivided interest in property as tenants in common and procured them to execute a deed to him for their interest for a stipulated sum by falsely representing that other tenants in common had agreed to sell to defendant at a like price, when as a matter of fact such other tenants had advised the male defendant that they would not sell at all, *is held* sufficient to be submitted to the jury in this action to cancel the deed for fraud.

**4. Fraud § 3—**

The state of any person's mind at a given moment is as much a fact as the existence of any other thing, and therefore a knowing misrepresentation of the present intention of a third person to do a future act is a misrepresentation of a past or subsisting fact within the law of fraud.

**5. Fraud § 5—**

The fact that plaintiffs rely upon a positive misrepresentation made by defendant when they could have ascertained the falsity of the statement by inquiry of third persons is not fatal to an action for fraud when there is nothing which should have put plaintiffs upon inquiry.

APPEAL by defendants from *Bone, J.,* and a jury, at April Term, 1953, of CHOWAN.

Civil action to cancel deed for fraud in its procurement.

These are the facts:

1. R. N. Cofield died intestate seized of a parcel of land in Edenton Township, Chowan County, North Carolina, which thereupon descended to his five children, R. N. Cofield, Jr., W. G. Cofield, Mrs. Dorothy C. Quillian, Mrs. Martha C. Forehand, and Mrs. Tom S. Owens, in equal shares as tenants in common, subject to the dower right of his widow, Mrs. Agnes Heath Cofield. Mrs. Tom S. Owens died thereafter, and her undivided interest in the land thereupon devolved on her three children, subject to the curtesy right of their father, Tom S. Owens.

2. R. N. Cofield, Jr., W. G. Cofield, and Mrs. Dorothy C. Quillian and their spouses, who are hereafter called the plaintiffs, dwell in or near Norfolk, Virginia. Mrs. Agnes Heath Cofield, Mrs. Martha C. Forehand, and Tom S. Owens live at Elizabeth City, North Carolina. The children of Tom S. Owens are nonresidents of North Carolina and Virginia.

3. On 3 January, 1952, J. W. Griffin visited the plaintiffs at their homes in Virginia and procured from them a deed sufficient in form to vest their interests in the Chowan County land in him and his wife, Nora W. Griffin, in fee simple.

4. Thereafter, to wit, on 21 May, 1952, the plaintiffs brought this action against the defendants J. W. Griffin and Nora W. Griffin to cancel the deed mentioned in the preceding paragraph. Their complaint alleges as the basis for cancellation that they were induced to execute the deed by the fraud of the male defendant. The defendants answered, denying this charge.

5. Both sides offered testimony at the trial. The evidence of the plaintiffs is epitomized in the opinion which follows this statement of facts. The evidence of the defendants would have exonerated the male defendant of wrongdoing had it been accepted by the jury.

6. This issue was submitted to the jury: "Did the defendant J. W. Griffin procure the execution of the deed in question by plaintiffs by means of false and fraudulent representations, as alleged in the complaint?" The jury answered the issue "Yes," and Judge Bone entered judgment providing for the cancellation of the deed. The defendants appealed, assigning errors.

*W. C. Morse, Jr., and Weldon A. Hollowell for plaintiffs, appellees.*
*J. N. Pruden and LeRoy & Goodwin for defendants, appellants.*

ERVIN, J. The only assignments of error requiring elaboration are those which challenge the sufficiency of the evidence of the plaintiffs to carry the case to the jury and support the verdict on the issue of fraud.

The essential elements of fraud are these: (1) That defendant made a representation relating to some material past or existing fact; (2) that the representation was false; (3) that when he made it, defendant knew that the representation was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that defendant made the representation with intention that it should be acted upon by plaintiff; (5) that plaintiff reasonably relied upon the representation, and acted upon it; and (6) that plaintiff thereby suffered injury. *Parker v. White,* 235 N.C. 680, 71 S.E. 2d 122; *Foster v. Snead,* 235 N.C. 338, 69 S.E. 2d 604; *Vail v. Vail,* 233 N.C. 109, 63 S.E. 2d 202. A false representation is material when it deceives a person and induces him to act. *Starnes v. R. R.,* 170 N.C. 222, 87 S.E. 43; *Machine Co. v. Bullock,* 161 N.C. 1, 76 S.E. 634.

When the evidence of the plaintiffs is interpreted in the light favorable to them, it makes out this case:

1. The male defendant desired to acquire as many of the outstanding interests in the Chowan County land as possible on the basis of a total outlay not to exceed $600.00 for the entire property. He sought out the plaintiffs at their homes in Virginia, and offered them $300.00 for their shares in the land. He represented to the plaintiffs that he had just

talked to Mrs. Agnes Heath Cofield and Mrs. Martha C. Forehand at Elizabeth City concerning his desire to acquire the entire property for $600.00, and that Mrs. Agnes Heath Cofield and Mrs. Martha C. Forehand would sell him their interests in the property for their proportionate part of that sum as soon as he obtained a deed from the plaintiffs for their shares.

2. As a matter of fact, Mrs. Agnes Heath Cofield and Mrs. Martha C. Forehand, acting through the instrumentality of an agent, had just informed the male defendant that they would not sell him their interests in the land at all. Consequently, his representation to the plaintiffs as to what Mrs. Agnes Heath Cofield and Mrs. Martha C. Forehand would do was not only false, but was known to him to be false at the time he made it.

3. The male defendant made the representation as to what Mrs. Agnes Heath Cofield and Mrs. Martha C. Forehand would do to the plaintiffs with intent that the plaintiffs should believe it and be induced by it to sell their interests in the land to him for $300.00.

4. The plaintiffs accepted the representation of the male defendant as truth without making any inquiry of Mrs. Agnes Heath Cofield and Mrs. Martha C. Forehand, and were induced by it to execute the deed of 1 January, 1952, for a consideration of $300.00, which was less than the market value of their interests in the land.

6. Shortly thereafter the plaintiffs discovered the falsity of the representation which had been made to them by the male defendant. They forthwith tendered to defendants the check for $300.00 issued to them by the male defendant in payment of the consideration for their deed, and demanded a rescission of the conveyance. The defendants refused the tender and demand, and the plaintiffs brought this action against them.

The defendants insist initially that the evidence of the plaintiffs is insufficient to establish fraud on the part of the male defendant because it fails to show that he misrepresented any past or existing fact to them. The defendants take the position on this aspect of the litigation that the statement of the male defendant that Mrs. Agnes Heath Cofield and Mrs. Martha C. Forehand would sell him their interests in the land for their proportionate part of $600.00 as soon as he obtained a deed from the plaintiffs for their shares constituted at most an expression of an erroneous opinion on his part as to what the future conduct of Mrs. Agnes Heath Cofield and Mrs. Martha C. Forehand would be in respect to the particular matter under discussion. Their brief sums up their arguments on this score in this succinct manner: "We recognize that fraud may be predicated upon a promise made with a present intention not to perform, but that intention is a matter of the promisor's own mind, not the mind

of another. Necessarily, a statement as to what another person intends to do is but a statement of opinion."

We are unable to accept the views of the defendants with respect to either the facts or the law on this phase of the case.

The state of any person's mind at a given moment is as much a fact as the existence of any other thing. *Williams v. Williams,* 220 N.C. 806, 18 S.E. 2d 364; 37 C.J.S., Fraud, section 12. As a consequence, it may be fraudulent to misrepresent the present intention of a third person to do a future act. *City Deposit Bank v. Green,* 138 Iowa 156, 115 N.W. 893; *Hinchey v. Starrett,* 91 Kan. 181, 137 P. 81, 92 Kan. 661, 141 P. 173; *McElrath v. Electric Inv. Co.,* 114 Minn. 358, 131 N.W. 380; *Fox v. Duffy,* 95 App. Div. 202, 88 N.Y.S. 401; Am. Law Inst., Restatement, Torts, Vol. 3, section 530; 23 Am. Jur., Fraud and Deceit, section 37; 37 C.J.S., Fraud, section 12. One who fraudulently makes a misrepresentation to another that a third person intends to do or not to do a particular thing for the purpose of inducing the other to act or refrain from acting in reliance thereon in a business transaction is liable to the other for the harm caused to him by his justifiable reliance upon the misrepresentation. Am. Law Inst., Restatement, Torts, Vol. 3, sections 525, 530.

When the evidence is interpreted in a light favorable to them, it clearly appears that the plaintiffs were justified in accepting the statement under present scrutiny as a representation by the male defendant that at the time of his colloquy with the plaintiffs Mrs. Agnes Heath Cofield and Mrs. Martha C. Forehand actually entertained the intention of selling the male defendant their interests in the land for their proportionate part of $600.00 as soon as the male defendant obtained a deed from the plaintiffs for their shares. (See, in this connection, the interpretation placed upon similar language in these cases: *Starnes v. R. R., supra; City Deposit Bank v. Green, supra; McElrath v. Electric Inv. Co., supra; Fox v. Duffy, supra.*) This being true, the evidence of the plaintiffs suffices to show that the male defendant misrepresented an existing fact, *i.e.,* the intention of Mrs. Agnes Heath Cofield and Mrs. Martha C. Forehand, to them.

The defendants assert finally that the evidence of the plaintiffs is legally insufficient to warrant the relief sought by them because it affirmatively discloses that they acted unreasonably in relying upon the alleged misrepresentation. The defendants base this contention on the testimony indicating that the plaintiffs accepted the unsupported statement of the male defendant as truth when they could have ascertained its falsity without difficulty by making inquiries of Mrs. Agnes Heath Cofield and Mrs. Martha C. Forehand. A similar contention was rejected in this wise in *Machine Co. v. Bullock,* 161 N.C. 1, 76 S.E. 634: "We are not inclined to encourage falsehood and dishonesty, by protecting one

who is guilty of such fraud, on the ground that his victim had faith in his word, and for that reason did not pursue inquiries which would have disclosed the falsehood."

The judgment of the superior court will be upheld, for there is in law No error.