**M. T. CRAIG, Plaintiff,**

v.

**TEXACO, INC., Defendant.**

**Civ. No. 969.**

United States District Court
E. D. North Carolina,
Wilmington Division.

July 10, 1963.

George Rountree, Jr., Rountree & Clark, Wilmington, N. C., for plaintiff.

Lonnie B. Williams, Poisson, Marshall, Barnhill & Williams, Wilmington, N. C., for defendant.

LARKINS, District Judge.

### SUMMARY

This is an action on a contract and lease which, it is claimed, were procured

through fraud and misrepresentation on the part of the defendant.

## FINDINGS OF FACT

(1) Plaintiff began operating a service station in Wilmington, North Carolina, pursuant to a written contract and lease entered into with the defendant. The lease was for one year, beginning January 25, 1949, and thereafter from year to year, subject to termination by either party on a ten-day written notice. The contract became effective January 25, 1949, and thereafter from year to year, subject to termination by either party on a thirty-day written notice. From time to time, both lease and contract were renewed in written form. On January 3, 1960, the contract and lease were terminated by the defendant after it had given sufficient written notice to the plaintiff.

(2) Plaintiff claims that defendant's agents led him to believe that this would be a permanent employment contract; that he gave up his railroad job in reliance thereon, and that these agents informed him that the defendant would never invoke the cancellation clause of the lease. The lease contains a provision which reads, "No prior stipulation, agreement or understanding, verbal or otherwise, of the parties or their agents shall be valid or enforceable unless embodied in the provisions of this lease." The contract contains a similar provision.

■ (3) Plaintiff claims that certain agents of the defendant, whom he cannot identify, made these representations to him. In the Complaint, however, there is no allegation that these agents were authorized to make such representations. Without an allegation as to that authority, it appears that the Complaint does not state a claim upon which relief can be granted.

(4) Following a pre-trial conference, defendant moved for summary judgment and submitted brief in support thereof. Plaintiff submitted brief in opposition thereto.

## CONCLUSIONS OF LAW

■■ (A) One of the essential elements of fraud is that the defendant made a representation relating to some material past or existing fact. Cofield v. Griffin, 238 N.C. 377, 78 S.E.2d 131, 40 A.L.R.2d 966 (1953). Here the representation was that the lease and contract were of a permanent nature. Such representation related to a future fulfillment and not to a material past or existing fact. The general rule in both State and Federal Courts is that an action for fraud cannot be based upon allegation of a promise of future intent. Allegations of fraud based upon a promise of permanent employment were dismissed in Gass v. National Container Corporation, 171 F.Supp. 441 (D.C.Ill.1959).

■ (B) The plaintiff does not and cannot rely upon the written lease since the defendant clearly was within the agreement by cancelling. That does not appear to be questioned. Evidently, plaintiff is alleging that the oral promise of permanent employment entitled him to a lifetime lease on the property even though the lease was not in writing. If such is the case, a parol lease for more than three years is void under the North Carolina Statute of Frauds, N.C.Gen. Stat. § 22–2.

■■ (C) Under the parol evidence rule, this alleged oral agreement will be barred since it is contrary to the written lease and contract and varies their terms. A promise to do or to refrain from doing something in the future, which promise is not later carried out, does not constitute such fraud as will take the case out of the parol evidence rule.

■ (D) The fact that a promise of permanent employment will not support an action for fraud, that the parol evidence rule has been violated, and that the Statute of Frauds has not been met are, all together and separately, sufficient to justify a summary judgment.

There appears to be no genuine issue as to any material fact and, as such, the defendant's motion for summary judgment should be allowed. It is so ordered.