(63 Misc. Rep. 102.)

ROWELL et al. v. HAINES.

(Supreme Court, Special Term, New York County. April 22, 1909.)

FRAUD (§ 47*)—ACTIONS—PLEADING—SUFFICIENCY OF COMPLAINT.

     The complaint alleged that plaintiffs owned land which formerly belonged to a corporation controlled by defendant, and that, suits being pending against the corporation to foreclose a mortgage claimed to be a lien on plaintiff's property, defendant, who owned some of the bonds secured by the mortgage, agreed to organize a new corporation with a certain capital, transfer to it the assets of the old corporation, and transfer to plaintiffs a certain amount of stock in the new company, in consideration of plaintiffs assigning their judgments against the old company and transferring to the new company all their interest in the old company and permitting defendant to foreclose the mortgage without objection, and acquire the rights and assets of the old corporation, that the property of the old company was sold in foreclosure proceedings and defendant purchased it at a low price, but fraudulently represented that he was unable to purchase it, etc., and failed to transfer to plaintiffs any stock in the new company, and that defendant fraudulently entered into the agreement in order to prevent plaintiffs from protecting their rights in the foreclocure proceedings; but it was not alleged that plaintiffs' property was sold on foreclosure, or that they had any defense to the foreclosure proceedings, or that the property of the old company brought less than its fair value. *Held*, that the cause of action attempted to be stated was for defendant's fraudulent conduct in inducing plaintiffs to make the agreement, and the complaint was insufficient in not showing that plaintiffs had been injured thereby.

     [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 42; Dec. Dig. § 47.*]

Action by George F. Rowell and others against Charles D. Haines. On demurrer to the complaint. Demurrer sustained, with leave to amend.

George D. Zahm, for plaintiffs.
Joseph A. Burdeau, for defendant.

GIEGERICH, J. The defendant demurs to the complaint upon the grounds (1) that it appears upon the face of the complaint that there is a misjoinder of parties plaintiff, in that the plaintiffs are not united

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in interest in the demands alleged to exist against the defendant and have no joint cause of action in tort against the defendant; (2) that there is a misjoinder of causes of action, in that separate alleged causes of action in favor of the several separate plaintiffs have been improperly united; (3) that it appears upon the face of the complaint that there is a misjoinder of causes of action, in that an alleged cause of action for breach of contract has been improperly united with an alleged cause of action for fraud in inducing a contract, and that the said alleged causes of action are inconsistent with each other; (4) that the complaint does not state facts sufficient to constitute a cause of action.

The allegations of the complaint are, substantially, that in the year 1906 the plaintiffs were jointly interested as owners and were in possession of certain large tracts of land situated in Lake county, Fla., formerly the property of the International Kaolin Company, on which there were extensive works for the mining, production, and sale of clay; that the International Kaolin Company was a New Jersey corporation, which had been organized by the defendant, who, at the times mentioned in the complaint, was in control thereof; that in August, 1906, there were pending against the said corporation in one of the courts of the state of Florida two suits, one for the foreclosure of a first mortgage of $40,000, and the other for the foreclosure of a second mortgage of $50,000, which mortgages were claimed to be a lien upon the property before mentioned owned by the plaintiffs; that the defendant and his wife owned about 38 of the bonds secured by the second mortgage, and that the suit to foreclose that mortgage had been commenced at the direction of the defendant; that thereafter, and in August, 1906, the defendant made and entered into an agreement with the plaintiffs whereby he agreed that if the plaintiffs would permit him to foreclose and acquire all their right, title, and interest in and to said property, together with all the rights, plants, property, and assets formerly owned by the corporation, he would incorporate a corporation fully empowered to acquire, own, hold, and operate the said plants and property, which new corporation would issue $500,000 of common stock and $120,000 of preferred stock, and would have power to issue first and second mortgage bonds not exceeding $125,000, the proceeds of which were to be used for working capital and to retire the $90,000 first and second mortgage bonds of the International Kaolin Company already mentioned; that the defendant further represented and agreed that he would acquire for and transfer to the new corporation all the rights, plants, property, and assets formerly owned by the International Kaolin Company, free, clear, and discharged from the lien of the proceedings then pending to foreclose the mortgages, and agreed that when all such rights and property had been acquired by the new corporation its mortgage indebtedness would not exceed $125,000, that the defendant further agreed, for himself and the new corporation, that he would transfer to the plaintiffs $60,000 of the preferred stock to be issued, and which should be fully paid and nonassessable. The complaint further alleges that, in consideration of the foregoing matters, the plaintiffs agreed to transfer and assign the judgments which they held against the International Kaolin Company, and to convey to the new

company all the right, title, and interest of the plaintiff Rowell in and to the property and plants of that company, and to assign, transfer, and deliver to the new corporation all certificates of stock or trust certificates and all claims of any kind that they might have had against the International Kaolin Company, and that the plaintiffs were to refrain from interposing any defenses to the mortgage foreclosure proceedings and agreed not to purchase the property at the foreclosure sale. It is then alleged that thereafter, in January, 1907, the said property of the International Kaolin Company was sold, pursuant to a decree in the proceeding to foreclose the second mortgage of $50,000 before mentioned, and was purchased by the defendant for about $3,000; that thereafter the defendant caused a corporation known as the "Florida Clay Company" to be organized, and caused the entire property, rights, and franchises of the International Kaolin Company to be transferred to the new corporation, which issued its stock and bonds therefor. It is further alleged that the defendant represented to the plaintiffs that he was unable to purchase said property and to carry out the terms of the agreement on his part to be performed, and fraudulently concealed from plaintiffs that he had purchased said property, and had caused it to be transferred to the Florida Clay Company; that said representations and concealment were false and fraudulent, and were known by the defendant to be so, and were made for the purpose of defrauding plaintiffs out of the $60,000 preferred stock provided for in the agreement, and did so, and that, acting in reliance upon said statements, the plaintiffs did not claim such stock; that the defendant and his wife received from the Florida Clay Company 43 of its mortgage bonds, and that the defendant owns, directly or indirectly, a large amount of its capital stock. Finally it is alleged that the defendant fraudulently induced the plaintiffs to enter into the said agreement to enable the defendant to purchase the said properties for a nominal consideration, and to keep plaintiffs from protecting their interest therein and from interposing a defense to the foreclosure proceedings and from purchasing the properties at the judicial sale; that pursuant to said agreement the plaintiffs refrained from interposing defenses to said proceedings and from purchasing said property at the sale, and that the defendant has failed and neglected to deliver to the plaintiff the $60,000 preferred stock of the Florida Clay Company; and that as a result of the foregoing facts plaintiffs have been damaged in the sum of $100,000, for which judgment is demanded.

It will be convenient at the outset to consider the last of the grounds of demurrer and to determine whether or not the complaint states a cause of action. The pleader has attempted to state a cause of action in tort grounded upon a fraudulent scheme of the defendant, which was commenced by fraudulently inducing the plaintiffs to enter into their agreement with him, and was consummated by the fraudulent representations which followed the foreclosure sale. The agreement was one of the incidents of the wrongful scheme, and is so connected with it; but the cause of action is based not upon the agreement, but upon the whole course of conduct in which the agreement is but one link in the chain. Rich v. N. Y. C. & H. R. R. R., 87 N. Y. 382. If the complaint

sufficiently showed that damage had resulted to the plaintiff from the defendant's fraudulent acts and concealments, I think a good cause of action would have been stated; but it seems to me that the pleader has failed to do this. It nowhere appears that the lands of the plaintiffs were sold under the foreclosure. After alleging that the plaintiffs were owners of certain lands in Florida, and that a claim was made that the mortgages in process of foreclosure were liens on such property of theirs, the complaint shows, by implication at least, that the International Kaolin Company possessed certain "rights, plants, property, and assets." Later on it is alleged that "the said property of the International Kaolin Company was sold pursuant to a decree in the proceedings to foreclose" the mortgages previously referred to. The fair intendment of all this is that only the property of the company was sold. There is no averment that the lands of the plaintiffs were sold. For all that appears, the claim that the mortgages were a lien on such lands was abandoned before the matter came to a sale. Neither is there any averment that the plaintiffs had any defenses to the foreclosure action, or that the property of the International Kaolin Company, which was sold under the foreclosure decree, brought anything less than its fair value. So far as appears they have not parted with anything. They still retain their lands, their judgments, their stock, and their claims, and it is not shown that they are any worse off financially than they were before or than they would have been if the agreement had been carried out. For the failure to show damage as a result of the defendant's wrongful acts, I think it must be held that the complaint is defective, and that the demurrer must be sustained on the fourth ground, and for that reason it is unnecessary to consider the other grounds argued.

The demurrer is sustained, with costs, with leave to the plaintiffs to amend, upon payment of costs, within 20 days after service of the interlocutory judgment to be entered, with notice of its entry.