STIRRUP et al. v. TRAFTON et al.

(Supreme Court, Special Term, Kings County. August 1, 1912.)

1. PLEADING (§ 345*)—JUDGMENT ON PLEADINGS.

Defendants, having demurred to the complaint, were entitled to move for judgment on the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

2. ACTION (§ 38*)—SINGLE AND ENTIRE CAUSE OF ACTION.

Plaintiffs alleged that they were induced to "take stock" in a pretended domestic corporation of which the several defendants were directors and some of them officers, through the making of certain false and fraudulent representations and statements respecting the value, ownership, patenting, and success of an important device owned and controlled by the corporation, that plaintiffs believed the statements, and, relying on them, "took certain stock holdings in the corporation," but that the representations were false and fraudulent and were known to be so by the defendants when they were made, and that the plaintiffs had been damaged in the premises in the sum of $25,000. *Held*, that such complaint alleged only one cause of action for damages for fraud, and was not therefore demurrable as seeking to join a cause of action for the return of moneys expended for the stock.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549, 565; Dec. Dig. § 38.*]

3. FRAUD (§ 34*)—RESTORATION OF CONSIDERATION.

Where plaintiffs sued solely to recover damages for defendants' fraud in making certain false and fraudulent representations respecting the value of a device or mechanism owned by a corporation, by reason of which plaintiffs were induced to purchase certain stock in the company, the complaint was not demurrable for failure to allege an offer to restore all plaintiffs had received from the defendants or that they had so restored.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 29; Dec. Dig. § 34.*]

4. FRAUD (§ 47*)—COMPLAINT—DAMAGES.

Where, in an action for deceit in making false representations inducing plaintiffs to purchase stock in a corporation, the complaint alleged that, by reason thereof, plaintiffs were induced to "take stock" in the corporation and had been damaged by such fraudulent representations in the sum of $25,000, the complaint was not demurrable for failure to allege what, if anything, plaintiffs paid for the stock, or that they took any other action which resulted in loss to them, their agreement to take the shares importing a promise to pay for them, which was sufficient to entitle them to recover at least nominal damages, and, if the proof warranted, such damage as naturally and necessarily resulted from the fraud, though they could not recover damages which naturally but not necessarily resulted therefrom without being specially alleged.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 42; Dec. Dig. § 47.*]

Action by Charles H. Stirrup and another against Ernest E. Trafton and others. On motion by defendants for judgment on the pleadings. Motion granted.

Kindleberger & Robinson, for the motion.
Edward A. Sumner, opposed.

BENEDICT, J. [1] This is a motion made by defendants for judgment on the pleadings, viz., complaint and demurrer. The practice adopted by the defendants has been sanctioned by the Court of Appeals in the recent case of National Park Bank v. Billings, 203 N. Y. 556, 96 N. E. 1122, affirming 144 App. Div. 536, 129 N. Y. Supp. 846.

As a matter of first impression I inclined to adopt, in part at least, the view of the defendants as to the insufficiency of the complaint; but, although I received no assistance from the plaintiffs' attorney, further reflection has led to the opposite conclusion.

[2] The complaint alleges that the plaintiffs were induced to "take stock" in a pretended domestic corporation, of which the several defendants were directors and some of them officers, through the making of certain false and fraudulent representations and statements respecting the value, ownership, patenting, and success of an important device or mechanism, owned and controlled by said corporation; that the plaintiffs believed these statements and, relying upon them, "took certain stockholdings in said corporation"; that the representations were false and fraudulent and were known by the defendants to be so when made; and that the plaintiffs "have been damaged in the premises in the sum of $25,000."

The defendants demur upon two grounds: First, that the plaintiffs have improperly attempted to join an alleged cause of action for the return of certain moneys expended for stock purchased by them from persons not named in the complaint with an alleged cause of action for fraud against the defendants; and, secondly, that the complaint does not state facts sufficient to constitute a cause of action.

The first ground is clearly unsound as a legal proposition. No such cause of action as there first assumed is to be found in the complaint.

[3] The complaint states but one cause of action, and that is to recover damages for deceit. It is not brought either in equity or at law for rescission on the ground of fraud, and therefore it was not necessary for the plaintiffs to allege, on the one hand, an offer to restore all that they had received from the defendants, as is the rule in equity, nor on the other that they had so restored, as is the rule at law. McNaught v. Equit. Life Ins. Co., 136 App. Div. 774, 121 N. Y. Supp. 447; Potts v. Lambie, 138 App. Div. 144, 122 N. Y. Supp. 935.

Here the plaintiffs stand upon the contract and sue for the damages which they claim to have sustained by reason of the deceit. I think that the complaint is sufficient, upon demurrer, to support the action.

[4] The defendants contend that:

"The complaint is clearly bad in that it does not set forth what the plaintiffs did as a result of the allegations made, unless it can be said that they took 'certain stockholdings' is sufficient."

They maintain that because the complaint does not allege "what, if anything, the plaintiffs paid for the stock, or that they took any other actions which resulted in loss to themselves," it is fatally defective, and they cite as authorities Rowell v. Haines, 63 Misc. Rep. 102,

116 N. Y. Supp. 446, and Isman v. Loring, 130 App. Div. 845, 115 N. Y. Supp. 933.

As I read these decisions they do not support this contention. In fact, a careful study of the able opinions pronounced by Justices Ingraham and Patterson in the latter case has led me to the final conclusion that the complaint in the present case is sufficient, especially when, in connection with them, are read the opinions of Judges Johnson and Selden in Buffalo & N. Y. C. R. Co. v. Dudley, 14 N. Y. 336, to the effect that an agreement to "take" shares of stock, subscribed previously to the incorporation, creates, if not an *express,* certainly an *implied,* promise to pay for the shares. In my opinion, therefore, the plaintiffs in this action are entitled to at least nominal damages, and on the general allegation of damage they are in addition entitled to recover (if the proofs warrant) the damage which naturally and necessarily resulted from the fraud; but damages which naturally, but not necessarily, resulted from the fraud, are, as was said in the Isman Case, special damages, and must be alleged as such.

The defendants having moved for judgment on the pleadings, the motion is granted, and judgment is directed in favor of the plaintiffs upon the demurrer, overruling the same, with costs, with leave to the defendants to answer within 20 days after service of the order to be entered hereon, upon payment of costs.