THE STRAUS COMPANY, INC., A CORPORATION, v. JAMES N. ECONOMYS, TRADING AS CALIFORNIA RESTAURANT.

(Filed 20 April, 1949.)

**Sales § 10—Evidence held not to show misrepresentation by seller as to time of shipment or that delay was due to causes under his control.**

In this action by the seller, defendant set up a counterclaim for damages resulting from defendant's wrongful misrepresentation of time of shipment and delivery of the restaurant equipment and machinery purchased. Defendant's evidence was to the effect that in response to a telephone call, plaintiff stated that the shipment was being loaded and would arrive at destination the following Sunday night or Monday, but that the goods did not arrive until the following Thursday. Defendant offered no evidence that the goods were not loaded and ready for shipment at the time plaintiff made the statement. Plaintiff had expressly contracted against liability for delay caused by the independent carrier over which plaintiff had no control. *Held:* The statement as to the time the goods would arrive was no more than an expression of opinion, and there being no evidence that the goods were not loaded at the time stated by plaintiff or that the delay was due to causes under plaintiff's control, nonsuit of the cross-action was proper.

APPEAL by defendant from *Grady, Emergency Judge,* November Term, 1948, WAKE. Affirmed.

Civil action on account for restaurant machinery and equipment sold and delivered in which defendant sets up a counterclaim for damages.

Plaintiff sold to defendant certain machinery and restaurant equipment to be installed in its place of business in Raleigh, f.o.b. point of shipment, for $3,996.10. The points of shipment were Philadelphia and Richmond, and the shipments were to be made by indepndent contract haulers. Plaintiff was to notify defendant of the time of shipment.

On Saturday, 2 February 1946, plaintiff, in response to a telephone call, informed defendant the shipment was being loaded and would arrive in Raleigh Sunday or Monday "without fail." Thereupon, defendant got in touch with his contractor, had him report and begin the work of removing his old equipment, preparatory to installing the new on Monday, his regular closing day. The shipment did not arrive until about noon Wednesday. Two sinks were missing, due to the fact that the truck failed to stop in Richmond and "pick them up" as it was instructed to do. Plaintiff, on notice thereof, sent them by special truck and they arrived Thursday morning.

The contract of purchase and sale is in writing, was accepted by defendant 1 September 1945, and provides in part that (1) "Vendor not liable for delays beyond control," and (2) "The Straus Company, Inc., cannot guarantee delivery on any particular date by reason of frequent delays

caused by transportation companies or other causes over which it has no control."

Defendant paid all the purchase price except $671.72. This action was instituted to recover said balance. The defendant, answering the complaint filed, admitted the balance due plaintiff and pleaded a counterclaim in tort for damages proximately caused, as he alleges, by the wrongful conduct of plaintiff in falsely advising him as to the time of delivery. He alleges that the information furnished him was false, that the shipment was not actually rolling toward Raleigh 2 February as represented by plaintiff, that in fact the first truck load was actually shipped Wednesday, 6 February, and the second on Thursday, 7 February.

He alleges further that, relying on the information from plaintiff that the shipment was being loaded and would arrive in Raleigh Sunday night or Monday, he had all his equipment torn out and removed, that due to the delay in the arrival of the new equipment, he was compelled to close his restaurant two and one-half days, and that by reason thereof, he suffered damages in the sum of $779.63, made up of net profits lost, rent, wages of waitresses and other employees, and items of expense including the cost of the truck sent from Richmond.

When the cause came on for trial, the defendant agreed that the issue based on plaintiff's cause of action should be answered in favor of plaintiff and proceeded to offer evidence in support of his counterclaim. When he closed, plaintiff moved to dismiss the counterclaim as in case of nonsuit. The motion being overruled, it offered in evidence the admissions contained in the answer and also the contract of purchase and sale. It then renewed its motion to dismiss. The motion was allowed.

Thereupon the court signed judgment for plaintiff and dismissed the counterclaim at the cost of defendant. Defendant excepted and appealed.

*Bickett & Banks for plaintiff appellee.*
*Thomas W. Ruffin for defendant appellant.*

BARNHILL, J. We may concede, without deciding, that defendant has alleged a good cause of action. That is not the weakness of his position here. He must fail for the want of proof that the shipment was not "being loaded" on Saturday, and the truck was not "on its way from Philadelphia" on Sunday when defendant called a second time. He, it is true, says that the representations to this effect were false, but he offered no evidence in support thereof. Instead, his witness testified: "I told him what the trouble was and that the truck was on its way from Philadelphia." "The only reason that it wasn't delivered was simply that the transportation facilities . . . didn't get down here until sometime later than I expected." The truck "did not stop by my place of business but

came straight through Richmond to here to make delivery as quick as possible. If that hadn't been so I would have put those sinks on that truck."

Plaintiff had no control over the shipment after it was loaded, or over the truck. Of this defendant was fully aware. He knew also that plaintiff had expressly contracted against liability for delay in delivery caused by the transportation company. Hence, under the circumstances here disclosed, the statement of plaintiff's general manager that the shipment would arrive in Raleigh Sunday night or Monday was nothing more than the expression of the opinion that the truck in due course would reach Raleigh at that time. The defendant relied thereon at his own risk.

Defendant's cross action must rest on proof that the plaintiff knowingly or negligently misrepresented the facts as to the time of the shipment or that the delay in delivery was due to causes under its control. Since the record is devoid of any evidence to that effect, the judgment below must be

Affirmed.