### JOHN T. FOSTER v. C. P. SNEAD.

(Filed 26 March, 1952.)

**1. Fraud § 10—**

The party asserting fraud has the burden of proving each of the essential elements of actionable fraud.

**2. Fraud § 1—**

Fraud is the representation of a definite and specific fact, which representation is materially false, made with knowledge of its falsity or in culpable ignorance of its truth, with fraudulent intent. which is reasonably relied on by the other party to his deception and damage.

**3. Fraud § 12—**

Defendant alleged that he was induced to sign the lease of the filling station in question by plaintiff's representation that the filling station did a thousand dollars worth of business per month. On cross-examination, plaintiff admitted that he kept books from which it could be ascertained what volume of business had been done by him at the station and that he was willing to bring the books into court, but defendant did not have plaintiff produce the books at the trial. *Held:* Nonsuit on defendant's cross action for fraud should have been sustained for failure of proof that the representation was in fact false.

APPEAL by plaintiff from *Rousseau, J.,* and a jury, October, 1951, Term, CASWELL.

This is a civil action to recover rent under a written lease.

Plaintiff is the owner of service station and restaurant property on U. S. Highway 86, approximately one mile north of Yanceyville. Only the service station with its driveway and front privileges is involved in this litigation. On 7 January, 1948, plaintiff and defendant entered into a written contract whereby the plaintiff leased to the defendant the service station property for a term of five years, commencing 15 February, 1948, at a monthly rental of $175.00 plus 1c per gallon on all gas sold in excess of 7,000 gallons per month, the total rental not to exceed $200.00 per month.

Defendant took possession of the service station under the provisions of the written contract and occupied the same until 1 March, 1950. Plaintiff voluntarily reduced the rent to $150.00 per month for the period 15 January, 1950, through 15 March, 1950.

Plaintiff seeks to recover of defendant the sum of $6,337.50 representing the accrued rent and the balance of the stated rent as provided in said contract. Defendant filed an answer admitting the execution of the contract and that he went into possession and occupied the premises until about 1 March, 1950. As a further defense, the defendant alleges that the execution of the rental contract was induced by the false and fraudulent representations of the plaintiff and seeks to absolve himself from liability on that ground.

When the defendant closed his evidence, the plaintiff demurred to the cross action and moved for judgment as of nonsuit. This motion was overruled and plaintiff excepted.

The court submitted the issue of fraud, which was answered by the jury in favor of the defendant, and from judgment entered accordingly, plaintiff excepted and appealed, assigning errors.

*D. Emerson Scarborough for plaintiff, appellant.*
*Glidewell & Glidewell for defendant, appellee.*

VALENTINE, J. The defendant's allegation of fraud consists of an assertion that the plaintiff falsely and fraudulently stated to him that he sold from six to eight thousand gallons of gas per month in the operation of the filling station and that the business was worth $1,000.00 per month and that defendant acted upon these false and fraudulent statements to his injury. The burden of proving his allegation of fraud rested upon the defendant. *Poe v. Smith,* 172 N.C. 67, 89 S.E. 1003.

The only evidence offered by defendant in support of his charge of fraud is the following conversations between him and the plaintiff: "I said, 'How much is the station pumping a month?,' and he (Mr. Foster) said, 'Six or eight thousand a month.' . . . . I figured over the thing for approximately two weeks and went to his station one afternoon and I said, 'I come to get one bit of information—I figure this station has got to support my loan—I want you to tell me, on your word of honor, how much total business that station is doing a month,' and 'it would have to do $1000 for me to run it.' He said, 'The business is here' and that was his answer. And I said, 'I just wanted to know on your word of honor because I knew you were the one who knew.' He said the $1000 worth of business a month was there."

The determinative question on this appeal is, did the defendant's proof meet the requirements of the rule laid down for the establishment of actionable fraud? On that question in *Harding v. Insurance Co.,* 218 N.C. 129, 10 S.E. 2d 599, *Barnhill, J.,* speaking for the Court, said: "The essential elements of actionable fraud or deceit are the representation, its falsity, scienter, deception and injury. The representation must be definite and specific; it must be materially false; it must be made with

knowledge of its falsity or in culpable ignorance of its truth; it must be made with fraudulent intent; it must be reasonably relied on by the other party; and he must be deceived and caused to suffer loss. Our decisions are uniformly to this effect. *Electric Co. v. Morrison,* 194 N.C. 316, 139 S.E. 455; *Peyton v. Griffin,* 195 N.C. 685, 143 S.E. 525."

Conceding without deciding that the statements attributed to the plaintiff by the defendant are sufficiently definite and specific to come within the rule, there is no evidence to show that these statements were false. *Straus Co. v. Economys,* 230 N.C. 316, 52 S.E. 2d 802; *Peyton v. Griffin, supra.* It will be observed that the quoted language is in the present tense and cannot be stretched to include a promise or declaration that the defendant would do $1,000.00 worth of business a month or that he would sell through the station seven or eight thousand gallons of gas a month. An opportunity for a discovery of the truth or falsity of the statements attributed to the plaintiff was available to the defendant during the cross examination of plaintiff, who admitted that he kept books from which could be ascertained the volume of business done by him and that he was willing to bring the books in after the lunch hour. The record does not disclose that the cross examination was pursued to the point where the books were actually produced at the trial. This could easily have been done.

The operation of a service station, as any other business, produces different results when handled by different persons. The operation of such a business requires both personality and perseverance. It appears from the record that plaintiff and his father kept the station open until late hours of the night and sometimes all night, making the station a gathering place for plaintiff's friends and acquaintances. On the other hand, it appears that the defendant was new in the community and had never operated a station in that section and that he maintained an earlier closing time. He admitted that on some occasions he closed the station before ten o'clock at night. The evidence is replete with indications and implications that the business practices employed by plaintiff and defendant were entirely different, and that may account for a difference in the volume of business. There is no sufficient evidence in the record to prove that the representations attributed to the plaintiff by the defendant were in truth and fact false. The defendant is bound to have known that the plaintiff could not foresee his business success or failure, nor can the plaintiff be held accountable upon an allegation of fraud unless the statements attributed to him are in fact false and so proved by competent evidence. *Williamson v. Holt,* 147 N.C. 515, 61 S.E. 384.

It follows that the court erred in denying the plaintiff's motion, made at the conclusion of the evidence for defendant, to dismiss defendant's cross action or further defense. *Straus Co. v. Economys, supra.* Since

the defendant failed to offer any evidence of fraud as alleged by him, the first issue should not have been submitted to the jury.

New trial.