T. LaFONTINE ODOM, Trustee; HENRY C. RHYNE, Individually and as Executor under the Last Will and Testament of Daniel P. Rhyne, Sr., Deceased, and as Beneficiary under said instrument; WILLIAM M. RHYNE and DANIEL P. RHYNE, Jr., both Individually and as Beneficiaries under the Last Will and Testament of Daniel P. Rhyne, Sr. v. LITTLE ROCK & I-85 CORPORATION, a corporation; NCNB MORTGAGE CORPORATION, a corporation; EDWARD W. LARGEN, Trustee; TIM, INC., a corporation, Trustee; S. DEAN HAMRICK, Trustee; SOUTHERN NATIONAL BANK OF NORTH CAROLINA, a corporation; and DAVID M. McCONNELL

No. 7826SC293

(Filed 6 March 1979)

**1. Vendor and Purchaser § 10— option agreement—no breach by lending bank**

A bank which loaned money to the purchaser of property could not be guilty of a breach of the option to purchase agreement since it was not a party to the option.

2. **Fraud § 12.1; Mortgages and Deeds of Trust § 2— fraud in securing subordination of deed of trust—insufficient evidence—summary judgment**

> In an action by plaintiffs to have their purchase money deed of trust declared a first lien with priority over defendant bank's deed of trust, summary judgment was properly entered for defendant bank on the issue of fraud in procuring the subordination of plaintiffs' deed of trust to the bank's deed of trust where the evidence showed that plaintiffs agreed with the purchasers of their land to subordinate their deed of trust to any deed of trust placed on the land for improvements; defendant bank's deed of trust was labeled "Construction Loan" and referred to improvements to be placed on the land when it was actually intended to secure a loan for acquisition of the land; the documents for the bank's loan to the purchasers were available for inspection by plaintiffs and showed that the entire amount of the loan would be dispersed at the closing; plaintiffs attended the loan closing; and plaintiffs could have counteracted any misrepresentations if they had taken the trouble to read the loan documents.

APPEAL by plaintiffs from *H. Martin, Judge.* Judgment entered 31 October 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 16 January 1979.

Defendant Little Rock & I-85 Corporation (Little Rock) held an option to purchase a tract of land from Daniel P. Rhyne, Sr., testator of the plaintiffs Rhyne. This option provided in part that:

> 3. Seller agrees that it will subordinate its purchase money note and Deed of Trust . . . to the lien or liens of any mortgage or deed of trust to any bank, insurance company, or other lending institution which is placed on said property . . . for improvements made to said property.

On 28 December 1973, two transactions took place. First, under a "Real Estate Loan Commitment" executed 27 December, defendants Little Rock and McConnell borrowed $150,000 from NCNB, executing in return a promissory note, a "Construction Loan Agreement" and a "Deed of Trust (Construction Loan)." The "Deed of Trust (Construction Loan)" was received by defendants Largen and TIM as trustees for NCNB. The majority of the $150,000 ($92,978.48) was used as a downpayment in the second transaction, the closing of the real estate sale under the option. As part of the sale, plaintiffs received a promissory note for $234,981.79 secured by a balance purchase money deed of trust which provided that it was "given as a second deed of trust and subordinate to a deed of trust . . . given by the party of the first part [Little Rock] to NCNB Mortgage Corporation coverning [sic]

all or a portion of the described property. . . . [T]he party of the third part [plaintiffs] [subordinate] this deed of trust to the deed of trust to NCNB Mortgage Corporation (or such other deed of trust as may be placed hereon for improvements). . . ." Language in the promissory note indicated that the deed of trust was "subordinate to deeds of trust given . . . to NCNB Mortgage Corporation or such other lending institution in order to effect improvements to the property." Plaintiff Odom, as trustee for the plaintiffs Rhyne, received the balance purchase money deed of trust.

Little Rock later defaulted in its payment of the purchase price. Plaintiffs, observing that no improvements had been made upon the land, and assuming that no funds had been distributed under the construction loan, requested that NCNB cancel its note and deed of trust. It was at this point that plaintiffs first learned that the entire $150,000 had been paid out to Little Rock at about the time of the closing, and that the major portion of the money had been used as the downpayment on the property. Plaintiffs allege that the fair market value of the property is not enough to pay off both deeds of trust, and they seek by this action to have their deed of trust declared a first lien on the property, alleging fraud and breach of contract by NCNB in procuring the subordination of plaintiff's deed of trust.

Defendants NCNB, Largen and TIM moved for summary judgment, which was granted. Plaintiffs appeal.

*Wade and Carmichael, by J. J. Wade, Jr., for plaintiff appellants.*

*Cansler, Lockhart, Parker & Young, by Sarah Elizabeth Parker, for defendant appellees.*

ARNOLD, Judge.

Plaintiffs argue that the trial court erred in granting summary judgment for defendants, as there were material issues of fact as to (1) whether NCNB breached the option agreement upon which the closing was based and (2) whether NCNB defrauded plaintiffs at the closing by falsely representing to them that the loan funds were to be used for improvements on the property. As will appear, we have concluded that summary judgment was correctly entered.

[1] NCNB could not have breached the option agreement, because it was not a party to that contract. The option was entered into by plaintiffs' testator and Little Rock's assignor. NCNB was never made a party to the option between plaintiffs and Little Rock, or any other contract with the plaintiffs. As lender its only dealings were with Little Rock and McConnell. On this point there is no genuine issue of material fact, as is required to avoid summary judgment. G.S. 1A-1, Rule 56(c).

[2] The record reveals that plaintiffs Odom and Henry Rhyne were present at the closing. Neither plaintiffs nor anyone else present at the closing recall specifically what was said, however. The construction loan agreement and deed of trust were available for inspection by plaintiffs. The deed of trust refers throughout to a "Construction Loan Agreement" incorporated into the deed of trust by reference. The loan agreement, in turn, refers to the "Commitment," stating that "in the event there be a conflict between the terms and provisions of this Agreement and the terms and provisions of the Commitment . . . said Commitment shall be deemed to control. . . ." The commitment, although entitled "Real Estate Loan Commitment," says clearly that NCNB "shall disperse the total loan amount at closing" and that "the draw, upon closing, for land acquisition is to be limited to $150,000."

Plaintiff Odom, an attorney, "was not shown, nor did [he] ask to see, any loan documents." Plaintiff Rhyne likewise failed to read the construction loan deed of trust. They were thus unaware of the actual situation when their deed of trust was subordinated to the deed of trust in favor of NCNB.

It appears that all of the possible evidence relevant to plaintiff's contention that NCNB defrauded them by misrepresenting that the loan funds were to be used for improvements was before the trial court. The burden is of course on the party alleging fraud to show that the essential elements exist. *Foster v. Snead,* 235 N.C. 338, 69 S.E. 2d 604 (1952). The essential elements of fraud are:

(1) That defendant made a representation relating to some material past or existing fact; (2) that the representation was false; (3) that when he made it, defendant knew that the representation was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that

defendant made the representation with intention that it should be acted upon by plaintiff; (5) that plaintiff reasonably relied upon the representation, and acted upon it; and (6) that plaintiff thereby suffered injury.

*Cofield v. Griffin,* 238 N.C. 377, 379, 78 S.E. 2d 131, 133 (1953).

Plaintiffs have made no showing of any representation on the part of NCNB, no showing of any reasonable reliance upon a representation, or any of the remaining elements essential to make out a case of fraud against NCNB. Summary judgment was appropriate.

Moreover, while we might agree with plaintiffs that it was misleading for the deed of trust to be labeled "Construction Loan" and to refer to improvements to be constructed on the land when the deed of trust was actually intended to secure a land acquisition loan, we must recognize that a party is required to exercise some diligence in protecting his own interests.

'Where ordinary care and prudence are sufficient for full protection, it is the duty of the party to make use of them, and . . . , therefore, if false representations are made regarding matters of fact, and the means of knowledge are at hand and equally available to both parties, and the party, instead of resorting to them, sees fit to trust himself in the hands of one whose interest it is to mislead him, the law, in general, will leave him where he has been placed by his own imprudent confidence.' (cite omitted)

*McLain v. Shenandoah Life Insurance Co.,* 224 N.C. 837, 840, 32 S.E. 2d 592, 594 (1945). Assuming there were misrepresentations by defendants, they could have been counteracted had the plaintiffs taken the trouble to read the documents involved.

For the reasons given, summary judgment was properly granted.

Affirmed.

Judges PARKER and WEBB concur.