T. LaFONTINE ODOM, TRUSTEE, HENRY C. RHYNE, INDIVIDUALLY AND AS EXEC-
UTOR UNDER THE LAST WILL AND TESTAMENT OF DANIEL P. RHYNE, SR., DE-
CEASED, AND AS BENEFICIARY UNDER SAID INSTRUMENT; WILLIAM M. RHYNE
AND DANIEL P. RHYNE, JR., BOTH INDIVIDUALLY AND AS BENEFICIARIES UNDER
THE LAST WILL AND TESTAMENT OF DANIEL P. RHYNE, SR. v. LITTLE ROCK &
I-85 CORPORATION, A CORPORATION, NCNB MORTGAGE CORPORATION, A
CORPORATION; EDWARD W. LARGEN, TRUSTEE; TIM, INC., A CORPORATION,
TRUSTEE; S. DEAN HAMRICK, TRUSTEE; SOUTHERN NATIONAL BANK
OF NORTH CAROLINA, A CORPORATION; AND DAVID M. McCONNELL

No. 70

(Filed 8 January 1980)

**Fraud § 12; Mortgages and Deeds of Trust § 2— fraud in securing subordination
of purchase money deed of trust**

In an action by plaintiffs to have their purchase money deed of trust
declared a first lien with priority over defendant mortgage corporation's deed
of trust, the trial court erred in granting summary judgment for defendant
mortgage corporation on the issue of fraud in procuring the subordination of
plaintiff's deed of trust to defendant's deed of trust where plaintiff's materials
tended to show that plaintiffs agreed with the purchasers of their land to
subordinate their purchase money deed of trust to any deed of trust placed on
the land for improvements; defendant, through its attorney and by use of
mislabeled documents, intentionally misrepresented that it was making a con-
struction loan to the purchasers for improvements when the loan in fact was
for acquisition of the land; and plaintiffs, in reliance on defendant's
misrepresentation, subordinated their purchase money deed of trust to defend-
ant's deed of trust, causing them to lose the priority of their purchase money
deed of trust and thereby suffer monetary damages.

Justice COPELAND took no part in the consideration or decision of this
case.

PURSUANT to G.S. 7A-31 plaintiffs petitioned this Court to
review a decision of the Court of Appeals (40 N.C. App. 242, 252
S.E. 2d 217 (1979)) upholding judgment of *Martin (Harry C.), J.*,
entered 31 October 1977 in Superior Court, MECKLENBURG Coun-
ty. Plaintiffs' petition was allowed June 28, 1979.

In brief summary the basic facts pertinent to this controver-
sy follow. On June 15, 1973 plaintiffs Rhynes gave to one J. E.
Shockley, agent, a 90-day option for his purchase of some 20 acres
of real estate owned by them and located in Mecklenburg County
at the intersection of Little Rock and Tuckaseegee Roads. The op-
tion price was $15,750 per acre, payable 29% down at closing with
the balance to be paid over a 10 year period at 7½% interest.

The financing terms were apparently to enable the plaintiff-sellers to qualify for installment sales treatment for federal income tax purposes.

In the option agreement plaintiffs Rhynes agreed to ". . . subordinate [their] purchase money note and Deed of Trust . . . to the lien or liens of any mortgage or deed of trust to any bank, insurance company or other lending institution which is placed on said property by Buyer . . . *for improvements made to said property.*" (Emphasis ours.) On September 24, 1973 Shockley, agent, exercised the option to purchase the property agreeing to the terms and agreements contained therein. In exercising this option, Shockley was acting for his undisclosed principal the defendant David McConnell, and the defendant Little Rock & I-85 Corporation (Little Rock Corporation).

Following the exercise of the option defendant McConnell retained Robert Blythe, attorney at law, to represent him in acquisition of title to the property from the plaintiffs Rhynes. As it turned out neither defendant McConnell individually nor his corporation, Little Rock Corporation, possessed the funds necessary to successfully make the first payment as required by the option agreement. As a result of this shortage of funds, defendant McConnell as president of defendant Little Rock Corporation signed a real estate loan commitment with the defendant NCNB Mortgage Corporation dated December 27, 1973. The terms of this commitment provided that $150,000 be loaned to defendant Little Rock Corporation to apply towards the purchase price of the Tuckaseegee Road property. As security for this land acquisition loan, defendant NCNB Mortgage Corporation was to receive the first mortgage on the purchased property.

Prior to defendant NCNB Mortgage Corporation issuing the above noted commitment letter, they learned by way of letter dated December 17, 1973 from defendant McConnell to Mr. David Bagwell of defendant NCNB Mortgage Corporation that the firm of Adams, Singleton & Associates was interested in purchasing the property in question from the defendant McConnell at a per acre price substantially higher than what was to be paid to the plaintiffs.

Defendant McConnell and defendant Little Rock Corporation having now obtained financing and a prospective purchaser for

the property (although it turned out Adams, Singleton never went through with the deal) were now ready for a closing of the transaction. The closing was held in the offices of Robert Blythe, attorney at law, on the 28th of December 1973. As noted above attorney Blythe represented the interests of defendant McConnell and defendant Little Rock Corporation. He also served as closing attorney and handled all legal matters as required for the real estate closing on behalf of the defendant NCNB Mortgage Corporation.

At the Rhynes-McConnell closing plaintiff Odom, the attorney representing plaintiffs Rhynes, was shown by attorney Blythe a deed of trust in the amount of $150,000 dated December 28, 1973 from defendant Little Rock Corporation to the trustees of defendant NCNB Mortgage Corporation entitled "Deed of Trust-Construction Loan." In reality this deed of trust though labeled by NCNB Mortgage Corporation as a construction loan deed of trust represented security for the acquisition loan given to the defendant Little Rock Corporation by the defendant NCNB Mortgage Corporation to acquire the Rhynes' property.

After reading the "Deed of Trust-Construction Loan" and hearing attorney Blythe's representations that the construction loan had not been funded, as the plans for what would be put on the property were not completed, plaintiff Odom agreed to subordinate plaintiffs Rhynes' purchase money deed of trust to that of NCNB's supposed construction loan deed of trust. Odom did this without asking to see any other loan documents entered into between the defendants McConnell and NCNB Mortgage Corporation, in accordance with the option agreement. Had plaintiff Odom carefully read the construction loan deed of trust he would have discovered that the body thereof referred to a "Construction Loan Agreement" which was incorporated into the construction loan deed of trust by reference. The "Construction Loan Agreement", incorporated by reference, in turn referred to a "Real Estate Loan Commitment" entered into by defendant NCNB Mortgage Corporation and defendant Little Rock Corporation on December 27, 1973. Section 5 of paragraph A of the "Construction Loan Agreement" in referring to the loan commitment stated ". . . [this] Commitment contemplates that Corporation will provide temporary funds to finance the *construction of improvements upon the security for his loan. . . .*" (Emphasis ours.) Para-

graph 5 of Section D on page 4 of the Construction Loan Agreement provides however that in the event of conflict between the construction loan and the loan commitment, the loan commitment will control. Even had plaintiff Odom carefully read both the "Deed of Trust-Construction Loan" and the "Construction Loan Agreement," there was no indication in these documents that they referred to anything other than advances for construction purposes.

A loan commitment supplement added at page 6 of the letter of commitment entered into by the defendant NCNB Mortgage Corporation and defendant Little Rock Corporation on December 27, 1973, provided that the money being advanced was in fact not for construction of improvements but was for land acquisition. Thus from a reading of the documents the only way plaintiff could have discovered the loan was not for construction purposes was from a reading of a loan commitment letter to which he was not even a party.

At the conclusion of the Rhynes-McConnell closing, Odom delivered to Blythe the Rhynes' warranty deed conveying the property to Little Rock Corporation and Blythe delivered to Odom, Little Rock Corporation's purchase money deed of trust. Blythe also delivered to Odom a check drawn on the account of defendant Little Rock Corporation in the amount of $92,978.48. This represented a 29% down payment of $95,978.48 less the $3,000 payment advanced to exercise the option to purchase. This payment was apparently made from the funds created by the $150,000 loaned to defendant Little Rock Corporation by defendant NCNB Mortgage Corporation on December 28, 1973 the same day as the Rhynes-McConnell closing. On the record before us we do not know what defendant McConnell and defendant Little Rock Corporation did with the remaining $54,021.52 loaned by defendant NCNB Mortgage Corporation, but it is clear that it was not applied on the purchase price of plaintiffs' land. Following these transactions, and upon his request, attorney Blythe was given permission by plaintiff Odom to record defendant NCNB Mortgage Corporation's alleged construction loan deed of trust prior to the recording of plaintiffs' balance purchase money deed of trust.

Odom v. Little Rock & I-85 Corp.

After three extensions, defendant McConnell and defendant Little Rock Corporation failed to make the first annual installment payment due on the balance remaining on the purchase money promissory note and deed of trust. Plaintiff Odom, as trustee, then desired to foreclose against defendant McConnell and defendant Little Rock Corporation. Since no construction had begun on the property, plaintiff Odom attempted to have defendant NCNB Mortgage Corporation remove their construction loan deed of trust since it was his understanding that it had been unfunded. It was at this point that plaintiffs discovered that the $150,000 loan from NCNB Mortgage Corporation to which they had subordinated their interests was one for land acquisition and not for construction of improvements. Defendant NCNB Mortgage Corporation refused to remove its deed of trust and plaintiffs instituted this action against Little Rock Corporation, NCNB Mortgage Corporation and its trustees, Southern National Bank and David M. McConnell.

Plaintiffs moved for summary judgment and the motion was granted as against defendant Little Rock Corporation and defendant David McConnell. This judgment entered June 1, 1976 ordered that plaintiffs recover from David McConnell and Little Rock Corporation the amount of $234,981.79 plus interest at 7.5% per annum from the 28th of December 1973 computed at the amount of $42,199.58; together with attorneys fees at the rate of 15% of the principal amount, or $35,247.26, or a total amount of principal, interest and attorneys fees of $312,428.63 plus costs.

On January 17, 1977 defendant NCNB Mortgage Corporation and its trustees filed a motion for summary judgment and on 31 October 1977 their motion was granted.

*Wade and Carmichael, by J. J. Wade, Jr., for plaintiff-appellants.*

*Cansler, Lockhart, Parker and Young, by Sarah Elizabeth Parker for defendant-appellees.*

BROCK, Justice.

The sole question facing this Court is the propriety of the summary judgment granted in favor of the defendant NCNB Mortgage Corporation, affirmed by the Court of Appeals at 40

N.C. App. 242, 252 S.E. 2d 217 (1979). In *Page v. Sloan*, 281 N.C. 697, 704, 190 S.E. 2d 189, 193 (1972) this Court held that:

> ". . . . [T]he party moving for summary judgment has the burden of 'clearly establishing the lack of any triable issue of fact by the record properly before the court. His papers are carefully scrutinized; and those of the opposing party are on the whole indulgently regarded.' (Citations omitted.) Rendition of summary judgment is, by the rule itself, conditioned upon a showing by the movant (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law. (Citations omitted.)" *See also Pitts v. Pizza, Inc.*, 296 N.C. 81, 249 S.E. 2d 375 (1978).

Plaintiffs' complaint alleges that the defendant NCNB Mortgage Corporation fraudulently misrepresented material facts at the December 28, 1973 real estate closing involving plaintiffs and the defendant Little Rock Corporation. They allege NCNB Mortgage Corporation intentionally misrepresented that loan funds provided by NCNB Mortgage Corporation were to be used for improvements to be made on the property plaintiffs were selling to defendant Little Rock Corporation rather than for land acquisition which was the true purpose of the loan. Plaintiffs contend this fraudulent misrepresentation induced them to subordinate their purchase money deed of trust to a supposed construction loan deed of trust held by defendant NCNB Mortgage Corporation. Plaintiffs allege that the subordination agreement would not have been entered into had they realized they were subordinating their interest to a land acquisition deed of trust.

Relying on *Foster v. Snead*, 235 N.C. 338, 69 S.E. 2d 604 (1952) the Court of Appeals held that the plaintiffs in their affidavits in opposition to the defendants' motion for summary judgment made no showing of the essential elements necessary to make out a prima facie case of fraud and thus summary judgment was properly granted for the defendants. To make out an actionable case of fraud plaintiff must show: (a) that the defendant made a representation relating to some material past or existing fact; (b) that the representation was false; (c) that when he made it defendant knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (d) that the

defendant made the false representation with the intention that it should be acted on by the plaintiff; (e) that the plaintiff reasonably relied upon the representation and acted upon it; and (f) that the plaintiff suffered injury. 235 N.C. at 339, 340, 69 S.E. 2d at 606. The Court of Appeals correctly noted that in order for the case to get to the jury plaintiffs as the parties alleging fraud bore the burden of proof to show that the essential elements as enumerated in Foster, *supra*, existed. However it appears that the Court of Appeals failed to consider that the defendants as the parties moving for summary judgment were faced with the initial burden of first showing that there were no contested factual issues surrounding the alleged fraud, and secondly, that they (defendants) were entitled to judgment as a matter of law.

For the reasons that follow we hold that the defendants as movants for summary judgment failed to show that there were no material factual issues remaining, and we therefore reverse the Court of Appeals' upholding of summary judgment for NCNB Mortgage Corporation.

In the motion for summary judgment defendants rely partly on the affidavits of T. LaFontine Odom, Robert Blythe, and E. A. Westmoreland. In reading these affidavits, and giving plaintiffs the benefit of every inference to be drawn from the facts contained therein, these affidavits clearly create questions of fact sufficient to withstand defendants' motion for summary judgment.

From the actions of counsel for defendant NCNB Mortgage Corporation in invoking the attorney-client privilege to prevent attorney Blythe from answering questions concerning the land transaction with Little Rock Corporation, and the affidavits of attorney Blythe and E. A. Westmoreland, an employee of NCNB Mortgage Corporation, there can be no question that attorney Blythe was representing the interests and acting in behalf of NCNB Mortgage Corporation at the land closing between the defendant Little Rock Corporation and plaintiffs Rhynes.

Defendant NCNB Mortgage Corporation in advancing $150,000 to David McConnell was cognizant that the money was being advanced for acquisition of the Rhynes' property and not for the purposes of construction financing. This awareness of the purpose of the loan is evident from the contents of the commitment letter of December 27, 1973 between defendant McConnell

and defendant NCNB Mortgage Corporation where the supplement to that letter specifically provided that the money was to be advanced for acquisition purposes. Robert Blythe as closing attorney representing NCNB Mortgage Corporation states in his deposition that he was also aware that the money was to be used for land acquisition and not for construction of improvements on the property.

In his deposition, which for the purpose of determining the correctness of defendants' motion for summary judgment must be taken as true, plaintiff T. LaFontine Odom stated that at the time of the closing, Robert Blythe indicated to him that NCNB Mortgage Corporation was going to make a construction loan with regard to improvements that would be made to the property purchased from the Rhynes by defendant David McConnell and defendant Little Rock Corporation. Odom states that he was shown a single NCNB Mortgage Corporation form document entitled "Deed of Trust-Construction Loan" which referred to $150,000 "made or to be made" for improvements to the property. This construction loan deed of trust referred to a "Construction Loan Agreement" and incorporated it by reference. Plaintiff Odom did not ask to see this "Construction Loan Agreement." In his deposition Odom states that attorney Blythe handed him the "Deed of Trust-Construction Loan" and at this point Odom assumed Blythe was representing both NCNB Mortgage Corporation and Little Rock Corporation. Odom stated Blythe indicated that there were no other documents in existence because the transaction between NCNB Mortgage Corporation and Little Rock Corporation had not been completed. Later in his deposition plaintiff Odom again states that Blythe indicated the loan agreements were not complete and no money had been advanced for NCNB Mortgage Corporation and Little Rock Corporation were unsure as to the exact amount of the final construction loan. Odom stated also that attorney Blythe indicated that the construction loan would be made at a later date and that nothing had been finalized as of the Rhynes-McConnell closing.

According to his deposition, at Blythe's request, plaintiff Odom allowed Blythe to record the "construction loan" deed of trust first, so as to avoid the necessity of a later subordination agreement between the Rhynes and NCNB Mortgage Corporation. Odom also alleges that he advised the Rhynes to subordinate

the lien of their purchase money deed of trust to the lien of the "construction loan" deed of trust from Little Rock Corporation to NCNB Mortgage Corporation. He alleges that he did this on the basis of Blythe's representation that NCNB Mortgage Corporation was going to make the "construction loan" to Little Rock Corporation after the construction plans were completed, and that the tendered "construction loan" deed of trust was currently unfunded.

In contrast to plaintiff Odom's deposition attorney Robert Blythe in his deposition made the following statements: "I do not recall any specific conversation with Mr. Odom at the closing at all . . . . I do not recall making any representation to Mr. Odom or to the Rhynes at the closing of the Rhyne transaction that the $150,000 NCNB Mortgage loan would be used solely for improvements." These statements are in direct conflict with those of plaintiff Odom. Such conflict creates a factual controversy over the possible misrepresentations of the loan agreement which led to plaintiffs' willingness to subordinate their purchase money deed of trust.

Here the facts advanced by plaintiff Odom could be found by a jury to show that the defendant NCNB Mortgage Corporation through their attorney, and by mislabeled loan documents, made an intentional misrepresentation of the type of loan which they were advancing to the defendants; that they made this misrepresentation with the intent that plaintiffs would rely upon it and subordinate their purchase money deed of trust to the deed of trust held by NCNB Mortgage Corporation as security for money advanced for land acquisition; that plaintiffs relied on defendant NCNB Mortgage Corporation's misrepresentation of the land acquisition loan as a construction loan, and for that reason subordinated their interest causing the plaintiffs to lose priority of their purchase money deed of trust, and thereby suffer monetary damages.

Plaintiffs by their affidavits offered in opposition to defendants' motion for summary judgment have created material issues of fact as to all the essential elements needed to establish fraud. Plaintiffs having done so, the defendants' motion for summary judgment should have been denied.

The decision of the Court of Appeals is reversed and this cause is remanded to the Court of Appeals for further remand to the Superior Court, Mecklenburg County, for appropriate proceedings.

Reversed and remanded.

Justice COPELAND took no part in the consideration or decision of this case.