SOPHIE S. ANDERSON AND EDWARD S. ANDERSON v. DONOVAN B. MOORE
     AND WIFE, PATRICIA MOORE; AND RAY FRANCONI AND WIFE, LENA
     FRANCONI

No. 8128SC47

(Filed 4 August 1981)

**Fraud § 12— agreement to purchase company—insufficiency of evidence of fraud**

     Where plaintiffs instituted an action seeking rescission of an agreement
for the purchase of a company and they alleged that defendants fraudulently
procured the agreement by misrepresenting the amount plaintiffs would be
paid for their stock, evidence was insufficient to be submitted to the jury
where it tended to show that the female plaintiff, who signed the agreement,
either knew the nature of the transaction or relied upon her father's represen-
tations that she should sign the agreement; there was no evidence that defend-
ants intentionally or recklessly made fraudulent misrepresentations upon
which plaintiffs relied; and there was no evidence that plaintiffs' stock was
worth more than the sum defendants paid for it.

APPEAL by plaintiffs from *Allen, Judge.* Judgment entered
22 September 1980 in Superior Court, BUNCOMBE County. Heard
in the Court of Appeals 4 June 1981.

On 6 April 1979 plaintiffs instituted this action seeking
rescission of an agreement entered into on 6 August 1962, or in
the alternative, damages. The plaintiffs alleged that the defend-
ants fraudulently procured this agreement by misrepresenting
the amount the plaintiffs would be paid for their stock and that
they were unaware of this fraud until 1977.

Plaintiffs are the daughter and grandson of E. S. Street, who
died 17 July 1965. Street, his wife and the plaintiff Sophie Ander-
son were formerly the majority shareholders of the common stock
of Concrete Products Company of Asheville, Inc. The defendants,
Moore and Franconi, were the remaining common shareholders.
Mr. Moore was elected president of the corporation in 1957. In ap-
proximately 1960, Mr. Street and Mr. Moore began to discuss
plans for the continuity of the company and the possible purchase
of the company by Mr. Moore. No agreement was reached at that
time, but attorneys were hired to prepare the plans and
documents necessary for this transfer. A plan for the reorganiza-
tion of the corporation with the objectives of vesting equity in the
common stock in Mr. Moore, providing a guaranteed income to
the Street family, and facilitating the estate planning of Mr.

Street, was subsequently devised. This plan recommended that the charter and by-laws of the corporation be amended to authorize the conversion of common stock into preferred stock and the exercise of this right of conversion by Street, his wife and his daughter.

In accordance with these recommendations the certificate of incorporation was amended to effect a recapitalization of the company's capital stock. A new issue of 4% cumulative preferred stock of $100 par was authorized, and it was provided that each share of commom capital stock would be convertible, at the option of the holder. The common stock could be converted into the new preferred stock at the rate of one share of $100 par value common stock for the number of shares of $100 par value 4% cumulative preferred stock as, based on the book value of such $100 par value common stock surrendered for conversion, was equal to the par value of the 4% cumulative preferred stock issued in exchange. All stockholders executed an assent to this change in the charter.

On 6 August 1962 an agreement was entered into between the five stockholders and the company. It placed transfer restrictions on common and preferred stock and provided for the mandatory sale and purchase of all preferred stock held by the Streets and Sophie Anderson at the death of E. S. Street. The Streets and Mrs. Anderson exercised their conversion privileges on 8 August 1962 at a special meeting. The number of preferred shares to be issued in exchange was determined after the annual audit and was based on the book value of the stock as of 31 July 1962.

Mr. Street died in July 1965 and pursuant to the 6 August 1962 agreement, the defendant Moore exercised his option to purchase the Street and Anderson preferred shares and delivered the required notes and collateral security agreements. From 1965 until July of 1980 Moore made all payments called for by the notes and the plaintiffs accepted the payments without question.

The defendants filed a motion for summary judgment and in support of their motion offered the depositions of Sophie Anderson, Edward Anderson, Donovan Moore and James Toland, numerous documents and the pleadings. From the judgment entered granting the defendants' motion, the plaintiffs appeal.

---

---

*Lawrence T. Jones and Snyder, Leonard, Biggers and Dodd, by Gary A. Dodd, for plaintiff appellants.*

*Adams, Hendon, Carson and Crow, by George Ward Hendon, for defendant appellees.*

ARNOLD, Judge.

Plaintiffs' sole assignment of error is that the trial court erred in granting summary judgment in favor of the defendants. The party moving for summary judgment has the burden of establishing the lack of a triable issue of material fact by the record properly before the court. Rendition of summary judgment is conditioned upon a showing by the movant that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972).

Plaintiffs allege that defendant Moore fraudulently misrepresented material facts concerning the transfer of shares from the plaintiffs to the defendants with the intention of deceiving them and depriving them of their ownership and control of Concrete Products Company without adequate consideration. More specifically, they allege that prior to entering into the 6 August 1962 agreement, defendant Moore represented to them that they would be financially more secure if they would exchange their shares of common stock for preferred stock, and purposely concealed that the exchange would cause them to forfeit all voting rights and would establish the monetary sum they would receive for their stock when they sold it pursuant to the agreement at the death of E. S. Street.

The parties agree that the 6 August 1962 agreement controls the determination of this action. Plaintiffs contend that they understood the agreement to provide that the conversion of their common stock into preferred was to be at the fair market value of the common stock. The defendants contend that the parties understood that the contract called for conversion from common into preferred stock for book value in 1962, and a sale of the preferred stock at the death of E. S. Street. For the reasons that follow, we find that the defendants, as movants for summary judgment, have shown that there are no genuine issues of

material fact as to the alleged fraud and that they are entitled to judgment as a matter of law.

To make out an actionable case of fraud plaintiffs must show: (a) that the defendant made a representation relating to some material past or present fact; (b) that the representation was false; (c) that when he made it defendant knew it was false or he made positive assertions recklessly without any knowledge of their truth; (d) that the defendant made the false representation with the intention that it should be acted on by the plaintiff; (e) that the plaintiff reasonably relied upon the representation and acted upon it; and (f) that the plaintiff suffered injury. *Odom v. Little Rock & I-85 Corporation,* 299 N.C. 86, 261 S.E. 2d 99 (1980). A thorough review of the deposition of Sophie Anderson reveals that defendant Moore made no representations that constitute actionable fraud.

Mrs. Anderson testified that Mr. Moore made several statements to the effect that their future was secure, and that they "would have so much money they wouldn't know what to do." She further testified that she understood the main terms of the agreement, except she thought the value of the preferred stock would be established at the time her father died rather than at the time it was issued, and that no one told her it would be valued at the later time, but she and her mother "just assumed it." She specifically stated that Don Moore never told them anything and that she and her mother signed what her father told them to sign.

It is apparent that the plaintiff either knew the nature of the transaction or relied upon her father's representations. There is no evidence that the defendants intentionally or recklessly made fraudulent misrepresentations upon which plaintiff relied. Moreover, there is no evidence in the record that the stock was worth more than the sum defendant Moore paid for it. Since there are no genuine issues of material fact as to the essential elements of actionable fraud, and plaintiffs have failed to make out a *prima facie* case, the defendants are entitled to judgment as a matter of law. The judgment of the trial court granting summary judgment in favor of the defendants therefore is affirmed.

Affirmed.

Judges VAUGHN and BECTON concur.